OPINION
Defendant-appellant Kris J. Kinsey appeals from a judgment rendered by the Monroe County Common Pleas Court, sentencing him to eighteen months incarceration, five years of post-release control, three years of community control sanctions, ordering him to serve any imposed bad time and adjudging him a sexual predator and habitual sex offender upon his guilty plea to corruption of a minor. For the following reasons, the trial court's judgment is modified.
 STATEMENT OF THE FACTS
On June 15, 1999, appellant was indicted on five counts of corruption of a minor in violation of R.C. 2907.04 and three counts of corruption of a minor with drugs in violation of R.C. 2925.02. The corruption of minor charges were based on appellant's sexual contact with a fifteen year old girl. The corruption of a minor with drugs charges alleged that appellant knowingly furnished or administered a controlled substance to a minor. The latter three counts included specifications alleging that the offenses were committed in the vicinity of a school.
Appellant pled guilty to one count of corruption of a minor. In return, appellee dismissed the other charges in the indictment. A hearing was held to determine the appropriate sentence and whether appellant would be declared a sexual predator. The trial court sentenced appellant to an eighteen month incarceration term, five years of post-release control and three years of community control sanctions. It ordered him to serve any bad time imposed by the parole board. It also found him to be a sexual predator and an habitual sex offender. This appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth five assignments of error on appeal. His first assignment of error alleges:
 "THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT KRIS J. KINSEY TO THREE YEARS OF COMMUNITY CONTROL SANCTIONS IN ADDITION TO THE MAXIMUM STATED PRISON TERM FOR THE OFFENSE, A FOURTH-DEGREE FELONY, TO WHICH HE ENTERED A GUILTY PLEA. DEFENDANT-APPELLANT KRIS J. KINSEY WAS THUS SENTENCED TO AN ILLEGAL SENTENCE IN EXCESS OF THE MAXIMUM SENTENCE PROVIDED BY LAW, OR TWO SENTENCES FOR ONE OFFENSE, WHICH VIOLATED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW AS WELL AS HIS STATE AND FEDERAL RIGHTS NOT TO BE EXCESSIVELY PUNISHED NOR PLACED IN DOUBLE JEOPARDY. IN ADDITION, TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THIS ILLEGAL SENTENCING, THUS DEPRIVING DEFENDANT-APPELLANT KRIS J. KINSEY OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
Appellant was sentenced to eighteen months incarceration, the maximum sentence for the crime to which he pled guilty. Appellant argues that community control sanctions and prison terms are mutually exclusive. He contends that by receiving the maximum sentence for his crime as well as community control sanctions, numerous rights under the Ohio and United States Constitutions were violated.
Appellee contends that both the maximum sentence and community control sanctions can be imposed simultaneously. In support of this contention, appellee notes that R.C. 2929.13(A) provides:
 "Except as provided in division (E), (F) or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." (Emphasis added).
Appellee concedes, however, that because appellant must serve the maximum prison sentence, there is no recourse if he violates his community control sanction. No additional time could be added to appellant's sentence. Therefore, appellee does not object to this court eliminating the community control language from the trial court's judgment.
 LAW AND ANALYSIS
Corruption of a minor is a fourth degree felony. One factor that must be considered before issuing a prison sentence for such an offense is whether the offender is amenable to an available community control sanction. R.C. 2929.13(B)(2)(a). R.C. 2929.19 (B)(3) provides that if the court determines that a prison term is necessary or required, the court shall impose a prison term. Conversely, R.C. 2929.19(B)(5) states that if a court determines that a community control sanction should be imposed, the court shall impose a community control sanction. In State v. Riley
(Nov. 12, 1998), Union App. No. 14-98-38, unreported, the Third Appellate District determined that, based on these statutes, prison sentences and community control sanctions are mutually exclusive. It noted that a prison term and community control could not be imposed simultaneously.Id. See, also, State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported. Furthermore, community control is an alternative
to a prison term. State v. Griffin (1998), 131 Ohio App.3d 696, 698.
We are persuaded by the foregoing cases and find that, as a general rule, prison terms and community control sanctions cannot be imposed simultaneously.[1] As such, appellant's first assignment of error, to the extent it complains that the sentence was contrary to law, has merit. The sentence is modified to eliminate the imposition of community control sanctions. Thus, it is not necessary to consider appellant's alternative argument that imposing community control sanctions in addition to a prison sentence unconstitutionally punished him twice for one offense.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED WHEN IT DETERMINED DEFENDANT-APPELLANT KRIS J. KINSEY TO BE A HABITUAL SEX OFFENDER IN VIOLATION OF THE STATUTORY DEFINITION. THIS VIOLATED DEFENDANT-APPELLANT KRIS J. KINSEY'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW."
Subsequent to the filing of the briefs in this case, the trial court considered a pro se motion filed by appellant seeking to eliminate his status as a sex offender. While the trial court noted that appellant is a sexually oriented offender, it concluded that he is neither a sexual predator nor an habitual sex offender. As such, appellant's second assignment of error is moot.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error alleges:
 "THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT KRIS J. KINSEY TO `BAD TIME' BECAUSE THE STATUTE IS UNCONSTITUTIONAL AS A VIOLATION OF THE SEPARATION OF POWERS DOCTRINE. FURTHERMORE, EVEN IF THE STATUTE WERE CONSTITUTIONAL, IT DOES NOT AUTHORIZE THE TRIAL COURT ITSELF TO SENTENCE DEFENDANT-APPELLANT KRIS J. KINSEY TO BAD TIME. THIS ERROR VIOLATED DEFENDANT-APPELLANT KRIS J. KINSEY'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE DUE PROCESS OF LAW. IN ADDITION, TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE IMPOSITION OF BAD TIME AS A PART OF KINSEY'S SENTENCE, THUS DEPRIVING DEFENDANT-APPELLANT KRIS J. KINSEY OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
The trial court's judgment ordered appellant to serve any bad time imposed by the parole board. Under R.C. 2967.11, the bad time statute, the parole board may extend a prisoner's term for infractions committed while incarcerated. The trial court correctly applied the statute; however, in Bray v. Russell (2000), 89 Ohio St.3d 132, 134, the Ohio Supreme Court concluded that R.C. 2967.11 violates the constitutional doctrine of separation of powers. As such, appellant's third assignment of error has merit.
 ASSIGNMENT OF ERROR NUMBER FOUR
Appellant's fourth assignment of error alleges:
 "THE TRIAL COURT ERRED IN IMPOSING POST-RELEASE CONTROL AS PART OF DEFENDANT-APPELLANT KRIS J. KINSEY'S SENTENCE AND VIOLATED KINSEY'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS IN SO DOING. IN ADDITION, TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE IMPOSITION OF POST-RELEASE CONTROL AS A PART OF KINSEY'S SENTENCE, THUS DEPRIVING DEFENDANT-APPELLANT KRIS J. KINSEY OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
The trial court sentenced appellant to a mandatory five year period of post-release control. Appellant argues that post-release control is like bad time and, thus, is unconstitutional.
 LAW AND ANALYSIS
Appellant cites several Ohio appellate opinions to support his claim that post-release control violates the doctrines of separation of powers and due process of law. However, subsequent to the filing of appellant's brief, the Ohio Supreme Court considered the constitutionality of R.C.2967.28, Ohio's post-release control statute. In Woods v. Telb (2000),89 Ohio St.3d 504, syllabus, the Ohio Supreme Court held that R.C. 2967.28
violates neither the separation of powers doctrine nor the Due Process Clause of the United States and Ohio Constitutions.
R.C. 2967.28 establishes both mandatory and permissive post-release control. R.C. 2967.28(B) provides that a mandatory post-release period shall be imposed for certain serious felony offenders, including felony sex offenders. R.C. 2967.28(C) provides that a sentence imposed for certain less serious felony offenders shall include post-release control only if the parole board determines that post-release control is necessary. In appellant's reply brief, filed after Woods was decided, he claims that the Court specifically stated that its decision did not extend to mandatory post-release control periods such as the one in this case. This is an inaccurate characterization of Woods. That case included a footnote that stated, "The constitutionality of mandatory post-release control (i.e., for those convicted of first or second-degree felonies, felony sex offenses, or certain third-degree felonies) was never challenged in the court of appeals." Id. at fn. 3. This footnote appeared after a section of the opinion in which the Court discussed the nature of post-release control. It was likely included to illustrate that the offender in Woods committed a less serious felony and was subject only to permissive post-release control under R.C. 2967.28(C). The Ohio Supreme Court did not distinguish between the two types of post-release control when it issued its opinion. To the contrary, the Court referred to the validity of R.C. 2967.28 in its entirety, not to specific subsections of that statute. As such, appellant's argument that mandatory post-release control is unconstitutional is not well taken.
Nonetheless, appellant argues that the imposition of post-release control in this case did not follow the process established by the statute. He claims that the trial court acted outside its scope of authority when it imposed post-release control because the statute specifies that post-release control must be imposed by the parole board.
R.C. 2967.28 provides in pertinent part:
 "(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * [A] period of post-release control required by this division for an offender shall be of the following periods:
 (1) For a felony of the first degree or for a felony sex offense, five years[2] * * *.
* * *
 (D)(1) Before the prisoner is released from imprisonment, the parole board shall impose upon a prisoner described in division (B) of this section * * * one or more post-release control sanctions to apply during the prisoner's period of post-release control. * * *."
The Ohio Supreme Court explained in Woods, supra at 511, that the trial court issues a full sentence, including post-release control, and the parole board determines whether violations merit its imposition. In fact, the trial court is required to inform the offender that he or she is subject to post-release control. Id. Therefore, in this case, the trial court properly included the mandatory five year post-release control period in appellant's sentence. Prior to appellant's release from imprisonment, the parole board must impose one or more sanctions to apply during this five year period. R.C. 2967.28(D)(1).
Because R.C. 2967.28 is not unconstitutional and the trial court properly included post-release control in appellant's sentence, appellant's fourth assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER FIVE
Appellant's fifth assignment of error alleges:
 "TRIAL COUNSEL WAS INEFFECTIVE IN HIS REPRESENTATION OF DEFENDANT-APPELLANT KRIS J. KINSEY, FOR ALL THE REASONS SET FORTH IN THE FOREGOING ASSIGNMENTS OF ERROR, AS WELL AS FOR HIS FAILURE TO BE ADEQUATELY PREPARED FOR THE HEARING ON SEXUAL OFFENDER STATUS. THIS INEFFECTIVENESS DEPRIVED DEFENDANT-APPELLANT KRIS J. KINSEY OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND RENDERED UNRELIABLE THE TRIAL COURT'S DETERMINATION THAT MR. KINSEY IS A HABITUAL SEX OFFENDER AND A SEXUAL PREDATOR."
 LAW AND ANALYSIS
In Strickland v. Washington (1984), 466 U.S. 668, 690, the United States Supreme Court established the standard for determining whether defense counsel's assistance was ineffective. Appellant must "* * * identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." A reviewing court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. The trial court's judgment will not be set aside unless defense counsel's error affected the judgment.Id. at 691. In State v. Bradley (1989), 42 Ohio St.3d 136, the Ohio Supreme Court stated at paragraphs two and three of the syllabus, respectively:
 "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. * * * (Citation omitted).
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
In this case, appellant claims that his trial counsel was ineffective for failing to object on each of the grounds appellant assigns as error in this appeal. First, appellant claims that his trial attorney should have objected to the imposition of community control sanctions. This argument is moot in light of our decision to exclude community control language from appellant's sentence.
Second, appellant contends that his attorney was unprepared for the hearing on appellant's status as a sexual offender. He further avers that his counsel should have objected to the sexual predator and habitual sexual offender designation. However, given the resolution of appellant's second assignment of error, this argument is moot.
Third, appellant argues that his attorney should have objected to the trial court's order to serve any bad time imposed. In light of the Ohio Supreme Court's opinion in Bray, supra, and our decision to eliminate the reference to bad time from the sentence, this contention is also moot.
Fourth, appellant argues that his attorney should have objected to the imposition of post-release control. Given the discussion of appellant's fourth assignment of error, wherein we determined that the trial court properly included post-release control in the sentence, this argument is without merit.
For the foregoing reasons, the judgment of the trial court is hereby modified. The portions of the sentence that refer to community control sanctions and bad time are hereby stricken from the trial court's judgment.
 ______________ VUKOVICH, P.J.
Donofrio, J., concurs.
Waite, J., concurs.
[1] In cases involving certain OMVI offenses, a court may impose a prison term as well as community control sanctions. See R.C. 2929.16 and 2929.17.
[2] Corruption of a minor in violation of R.C. 2907.04 is a "felony sex offense." R.C. 2967.28(A)(3).