DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence, entered upon jury verdicts, finding Dennis Meredith, defendant below and appellant herein, guilty of two counts of criminal non-support of a dependent in violation of R.C.2919.21(A)(2). The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 {¶ 2} "TRIAL COURT ERRED IN SENTENCING APPELLANT TO TERM OF INCARCERATION UNDER COUNTS ONE AND TWO WHERE IT ALSO SENTENCED APPELLANT TO COMMUNITY CONTROL SANCTION ON COUNTS THREE AND FOUR."
SECOND ASSIGNMENT OF ERROR:
 {¶ 3} "TRIAL COURT ERRED IN SENTENCING APPELLANT TO TERM OF INCARCERATION WHERE RECORD DID NOT SUPPORT NECESSARY FINDING UNDER R.C. § 2929.13(B)(1)."
 {¶ 4} A brief summary of the facts pertinent to this appeal is as follows. Appellant met Peggy Antle (n/k/a Peggy Antle-Woods) in 1987 when she worked at appellant's father's restaurant. The two began a relationship and their daughter, Chelsie Meredith (d/o/b 5-29-88), was born the following year.[1] The family moved to Michigan in 1991. Three years later, the couple separated. In 1995, the Circuit Court for Ottawa County, Michigan, ordered appellant to pay $90 per week in child support for Chelsie. The record indicates, however, that appellant paid very little child support. Ms. Antle-Woods and Chelsea eventually returned to Ohio, as did appellant, and the child support order was registered in Athens County.
 {¶ 5} On or about February 26, 2001, the Athens County Grand Jury returned an indictment charging appellant with two counts of non-support of a dependent, in violation of R.C. 2919.21(A)(2), and two counts of non-support in violation of R.C. 2919.21(B).[2] Appellant pled not guilty to those charges and the matter came on for a jury trial on September 25, 2001. At trial, uncontroverted evidence was adduced to show that appellant paid no child support from August of 1996 to August of 2000.[3] Martin Dikis, fiscal administrator for the Athens County Department of Jobs and Family Services, testified that the amount of back-support owed by appellant for those four years totaled $18,620. Ms. Antle-Woods testified that as a result of appellant's failure to pay his support obligation, she had considerable difficulty providing for Chelsea.
 {¶ 6} The evidence also revealed that although appellant had no steady employment during that period, he did have earned income. Louis Antariato testified that he hired appellant to build an addition onto his gas station/convenience store in 1998 and paid him roughly $8,800 for the job. The witness further related that appellant was one of several workers hired to put a new roof on a house that he was remodeling. Robert Meredith, appellant's father, testified that he employed his son to work at various rental properties and had paid him approximately $1,500 during the latter part of 1996, $5,200 in 1997, $2,000 in 1998, $6,400 in 1999 and $400 through August of 2000.[4] Appellant did not contest that he owed back child support nor did he deny that he had income during the period covered in the indictment. Appellant explained, however, that he barely had enough money to survive and that he would not have survived had it not been for help from his father. Appellant testified that good paying jobs were scarce in the area, that he suffered from various emotional and physical problems (stemming from the break-up of his relationship with Ms. Antle-Woods) and that he liked to spend his time "helping" neighbors and friends for which he did not "charge" any money.
 {¶ 7} The jury found appellant guilty on all four counts of the indictment. The trial court entered judgment on those verdicts and the case was passed for pre-sentence investigation. Sentencing hearings were held over several days in December of 2001 at which time the court merged the counts relating to the same two year periods. With respect to count one, covering the period from 1996 to 1998, the court ordered appellant to serve eight months in prison. With respect to count three, covering the period from 1998 to 2000, the court imposed five years of community control to be served consecutively to the prison sentence imposed for count one. Appellant was further ordered to make restitution of back child support. Judgment to that effect was entered January 11, 2002, and this appeal followed.
 I {¶ 8} Appellant's first assignment of error is directed at the differing sentences imposed on him for the same violations in counts one and three. He argues that it is inconsistent, and thus impermissible, to impose a prison sentence for the first violation of R.C. 2919.21(A)(2) and then impose a community control sanction for a second violation of the same statute.
 {¶ 9} Our analysis of this argument begins with R.C. 2919.21(G)(1) which states that the non-support offenses for which appellant was convicted are both fifth degree felonies. The available prison sentences for such offenses range from six to twelve months. R.C. 2929.14(A)(5). However, R.C. 2929.13(B)(2)(b) restricts sentencing on fourth and fifth degree felonies as follows:
 {¶ 10} "* * * [I]f the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction orcombination of community control sanctions upon the offender." (Emphasis added.)
 {¶ 11} This provision reflects a policy preference for imposing community control sanctions on fourth and fifth degree felons. Griffin 
Katz, Ohio Felony Sentencing Law (2001 Ed.) 548, § T5.8. However, if a trial court finds that community control is not consistent with the purposes and principles of sentencing, then the court is free to impose whatever prison sentence is available under the statute. The issue in this case arises from the trial court's decision to impose a prison sentence for one violation of R.C. 2919.21(A)(2), but community control for the other violation. Appellant argues that the court cannot at the same time find community control both consistent and inconsistent with the principles of sentencing. He contends that the court's findings are mutually exclusive and that its judgment should be reversed. We are not persuaded.
 {¶ 12} Appellant is correct that, at first glance, these sentences appear to be somewhat inconsistent. We, however, find nothing in R.C. Chapter 2929 which prohibits this combination of sanctions. Indeed, R.C.2929.13(A) states, inter alia, that "a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in Sections 2929.14 to 2929.28
of the Revised Code." Our colleagues on the Eighth District Court of Appeals found that this was sufficient authority for a trial court to sentence a defendant to prison on two charges and community control on two other charges for which he was convicted. See State v. Aitkens, 2002-Ohio-1080, Cuyahoga App. Nos. 79851 79929. We agree with that reasoning.[5]
 {¶ 13} Furthermore, appellant cites no authority which holds that such a combination of sentences cannot be imposed. He cites a number of cases that describe prison and community control as "alternative" sanctions which are "mutually exclusive" of one another.[6] Those cases are distinguishable from this one, however, because the sentences therein were both imposed for a single offense. By contrast, in the case sub judice the sentences were imposed for different charges or different counts. Had the trial court imposed both prison and community control for each of the two charges, we would agree that this was not permitted by statute. The sentences at issue in this case were imposed for separate charges, however. We believe this action is permitted under R.C.2929.13(A). We further note that we have found nothing in sentencing guidelines to prohibit this type of blended sentence.
 {¶ 14} Our ruling on this matter is also buttressed by the general principles of felony sentencing. When sentencing offenders, courts must be guided by the "overriding purposes" of felony sentencing. Those purposes include (1) protection of the public and (2) punishment of the offender. See R.C. 2929.11(A). This is not merely a statement of philosophy, but a directive that is to govern all sentencing decisions. Griffin Katz, supra at 477, § T 4.4. The provisions of R.C. 2929.11(A) identify punishment as an independent goal of the felony sentencing laws and no sentence is satisfactory if it is not perceived by the offender and the public as punishment. Id. at 478, § T 4.4.
 {¶ 15} In the instant case, at the December 14, 2001 sentencing hearing the trial court showed considerable concern for the magnitude of appellant's offense(s). The court repeatedly noted that appellant owed more than $18,000 in back child support and that appellant had not made any attempt to reduce that amount even though he had some income. Further, with respect to appellant's financial hardships, the court noted that he had not made any attempt to reduce the amount of the child support order. All this suggests an attitude of flagrant disregard for appellant's support obligation. The trial court obviously concluded such actions deserved a harsher punishment than mere community control and we find no error in that conclusion.
 {¶ 16} For these reasons, we find no merit in the first assignment of error and it is accordingly overruled.
 II {¶ 17} Appellant argues in his second assignment of error that the trial court erred in sentencing him to eight months imprisonment on count one of the indictment. We disagree.
 {¶ 18} Before sentencing an offender on a fifth degree felony, the trial court must first consider if the factors listed in R.C. 2929.13(B)(1) apply. See State v. Kawaguchi (2000), 137 Ohio App.3d 597, 605,739 N.E.2d 392. Those factors are as follows:
 {¶ 19} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 20} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 21} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 22} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 23} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 24} "(f) The offense is a sex offense * * *
 {¶ 25} "(g) The offender previously served a prison term.
 {¶ 26} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 27} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 28} If a court makes any such finding and, after it considers the factors set forth in R.C. 2929.12, finds that a prison term is consistent with purposes of principles of sentencing set forth in R.C.2929.11 and finds that the offender is not amenable to community control, the court must impose a prison sentence. R.C. 2929.13(B)(2)(a). Conversely, as stated previously, if a court finds none of those factors set forth above and if, after it considers the factors set forth in R.C.2929.12, finds that community control is consistent with the purposes and principles of sentencing, the court must impose community control upon the offender. R.C. 2929.13(B)(2)(b).
 {¶ 29} We recognize, however, that some situations may arise when the statutes mandate neither prison nor community control. This Court recently addressed a similar situation in State v. Jordan, 2002-Ohio-417, Athens App. No. 01CA4, wherein we reasoned as follows:
 {¶ 30} "When neither prison nor community control is specifically mandated, (i.e., when no combination of the R.C. 2929.13(B)(2)(a) factors or the R.C. 2929.13(B)(2)(b) factors exists) the trial court should exercise sentencing discretion similar to that provided for third degree felonies in R.C. 2929.13(C). In that situation, the trial court shouldcomply with the purposes and principles of sentencing under R.C. 2929.11and should consider the seriousness and recidivism factors set forth inR.C. 2929.12 to determine whether to impose a term of imprisonment orcommunity control sanctions.
 {¶ 31} "Additionally, whenever the trial court imposes a sentence of imprisonment for a fourth or fifth degree felony, whether based upon R.C. 2929.13(B)(2)(a) or upon R.C. 2929.11 and 2929.12, the trial courtmust "make a finding that gives its reasons for selecting the sentenceimposed * * *." (Emphasis added.).
 {¶ 32} With this in mind we turn our attention to the record of the case sub judice. The January 11, 2002 sentencing entry is largely silent with respect to why the trial court chose to impose a prison sentence for count one rather than community control.[7] We note, however, that the transcript of the December 14, 2001 sentencing hearing contains the following recitation of reasons for imposing a prison sentence:
 {¶ 33} "The court has considered the purposes and principles of sentencing and the overriding consideration by statute is to punish the offender and to protect the public from future offenses. The court is supposed to consider incarceration, deterrence, and rehabilitation and restitution. * * * The court considers the $18,000.00 that you haven't paid to your daughter to be in a sense a theft of money from your daughter, that $18,620.00. I have taken into account and I believe that to be a seriousness factor of those seriousness factors that the court is supposed to take into account. * * * I still find that pursuant to Revised Code 2929.(B)(2)(b) [sic] that even after considering the seriousness or recidivism factors of 2929.12 that I do not find that community control is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. * * * Chelsea suffered economic harm as a result of the offense and your relationship facilitated that offense."
 {¶ 34} This colloquy reveals that the court focused on both the father/daughter relationship as facilitating the offense, see R.C.2929.12(B)(6), as well as the economic harm suffered by Chelsea as a result of the failure to pay support. See R.C. 2929.12(B)(2). As the court noted, this harm was not insignificant. Appellant has paid little child support since his court ordered obligation began and, in the four year period covered by the charges in the indictment, has accumulated back support in an amount exceeding $18,000. The court also opined that it found no remorse in appellant and that he made no attempt to pay any of the back support he owed despite having worked in the past. This adequately complies with our previous directives in Jordan.
 {¶ 35} Based upon the foregoing reasons, we find no error and, consequently, we overrule appellant's second assignment of error. We hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] The couple did not formally marry, although Ms. Antle-Woods described their relationship as a "common law" marriage.
[2] The first two counts of the indictment were for failure to provide support during the period from August 8, 1996, to August 7, 1998, and the second two counts were for failure to provide support for the period from August 8, 1998, to August 7, 2000.
[3] The only support received by Ms. Antle-Woods during this period came as a result of a $100 appearance bond posted by appellant, which was transferred to pay part of his child support obligation.
[4] Mr. Meredith later claimed, on cross-examination, that some of these amounts were not payments for work but were "loans" that had never been repaid. The witness also admitted that he allowed his son to live rent-free in one of his rental properties.
[5] We also parenthetically note that it is not uncommon for trial courts to impose prison sentences for one charge but then give community control sanctions for another charge. See e.g. State v. Stevens, 2001-Ohio-3427, Jefferson App. No. 00JE11 (one year in prison on forgery charges and community control on theft of a check count charge); Statev. Gray (Jun. 30, 2000), Greene App. No. 99-CA-103 (two year prison sentence on one charge of gross sexual imposition and five years of community control on a second similar count).
[6] These cases include State v. Griffin (1998), 131 Ohio App.3d 696,723 N.E.2d 606; State v. Kinsey, 2001-Ohio-3272, Monroe App. No. 826;State v. Smith (Sep. 17, 1999), Hamilton App. No. C-980887; State v.Riley (Nov. 12, 1998), Union App. No. 14-98-38.
[7] The entry does state that the court found "that to impose the shortest term would demean the seriousness of the offense and not adequately protect the public." However, we read this as an explanation for the length of the sentence rather than the reason why the prison sentence was imposed in the first place.