The STATE of Ohio, Appellee,

v.

GRIFFIN, Appellant.

[Cite as *State v. Griffin* (1998), 131 Ohio App.3d 696.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980142.

Decided Dec. 11, 1998.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Jennifer E. Day*, Assistant Prosecuting Attorney, for appellee.

*Douglas M. Mansfield,* for appellant.

PAINTER, Judge.

On January 20, 1998, defendant-appellant Shaun Griffin waived his right to a jury trial and entered a plea of no contest to a charge of possession of cocaine in violation of R.C. 2925.11(A) (fifth-degree felony). The trial court found Griffin guilty of the offense. At the sentencing hearing, on February 12, 1998, the court suspended Griffin's driver's license for five years and ordered him to pay court costs. Also, it sentenced him to six months of confinement in the Hamilton County Justice Center and three years of community control. The court specified that Griffin was to serve his six-month confinement concurrently with jail time of eleven years for robbery convictions in another case, numbered B–9706893B. (We have affirmed the convictions in case No. B–9706893B in a separate opinion.)

On April 2, 1998, the court tolled Griffin's community-control sanctions: "Under provision granted in Section 2951.07 O.R.C., the Court now comes to order [that] the Community Control shall toll and cease to run, as the defendant is in Ohio Department of Corrections custody; Community Control shall commence upon further order of the Court." This order was made *ex parte,* without notice to Griffin. We assume that the court intended the original community-control sentence entered on February 12, 1998, to run concurrently with his jail time for case No. B–9706893B. The effect of the April 2, 1998 order seemed to be that Griffin would be subject to his three-year community-control sanction *after* his prison term of eleven years.

Griffin now appeals his sentence.[1] In his sole assignment of error, he argues that the trial court erred in ordering the tolling of his community-control sanctions. We agree.

To understand why the trial court erred, an understanding of exactly what is meant by "community control" is necessary. The Revised Code defines a community-control sanction as one that "is not a prison term and that is described in section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code."[2] R.C. 2929.15 sets forth general guidelines regarding community control and states that a court, in certain cases, may impose community-control sanctions under R.C. 2929.16 (residential sanctions), 2929.17 (nonresidential sanctions), or 2929.18 (financial sanctions). These sanctions, which shall not exceed a duration

---

1. We have *sua sponte* removed this case from the accelerated calendar.

2. R.C. 2929.01(F).

of five years,[3] might include such things as a term in a halfway house,[4] a term of electronically monitored house arrest,[5] or restitution by the offender to the victim of the crime.[6] After Senate Bill 2, community control is different from probation. Community control, which is specifically governed by R.C. 2929.15 through 2929.18, deals with felony convictions and is considered an *alternative* to a prison term.[7] Probation, which is governed by different sections of the Revised Code, now generally involves misdemeanors and refers to conditions imposed under a suspended jail sentence.[8]

In Griffin's assignment, he does not challenge the court's February 12, 1998 sentence. Instead, he challenges its April 2, 1998 order tolling his community-control sanctions. We begin by holding that this order was a modification of Griffin's sentence. By tolling the three years of community control, the court effectively extended Griffin's sentence by three years: Griffin would have to serve his three years of community control after his eleven-year prison sentence for case No. B–9706893B, rather than concurrently with it. In fact, it is presently not possible to determine when Griffin's community control is to run because it is tolled until further order of the court.

Griffin argues that such a modification by the court was not permitted under the Revised Code, and he challenges the court's *ex parte* ordering of the modification. According to the terms of the April 2, 1998 order, the court tolled Griffin's community control because he was "in Ohio Department of Corrections custody." The court stated in the order that it was tolling the community control under the authority of R.C. 2951.07. Apparently, the court was relying on a portion of R.C. 2951.07 that states that "if the probationer is confined in any institution for the commission of any offense whatever, the probation ceases to run until such time as the probationer is brought before the court for its further action." But, as explained above, probation—to which R.C. 2951.07 applies—is not the same as community control.

To toll Griffin's community control, the court should have looked to the sections of the Revised Code specifically governing community control—R.C. 2929.15 through 2929.18. Under these sections, a court may modify the terms of an

---

3. R.C. 2929.15(A)(1).

4. R.C. 2929.16(A)(4).

5. R.C. 2929.17(B).

6. R.C. 2929.18(A)(1).

7. See *State v. Azbell* (July 27, 1998), Fairfield App. No. 98CA14, unreported, 1998 WL 429650.

8. See R.C. 2951.02.

offender's sentence of community control if the offender violates his or her sentence.[9] But nowhere in these sections is there a provision that community control may be modified merely because the offender is confined in a prison. Also, although these sections provide that an offender may serve community control after certain mandatory prison terms,[10] these sections do not suggest that a court may toll community control as was done in this case.

Here, the court modified, or tolled, Griffin's sentence of community control because he was "in Ohio Department of Corrections custody." He was in custody because he was serving the prison time imposed by the court on February 18, 1998, not because he violated any terms of his community control. Because the sections of the Revised Code governing community control do not permit a court to modify community control merely because an offender is confined in a prison and because these sections do not permit the tolling of community control as the court did here, we hold that the court's April 2, 1998 order was not permitted by law.

■ Also, the court's *ex parte* entry of the order violated Griffin's due process rights because "[w]hen a sentence pronounced in open court is subsequently modified and the judgment entry reflects the modification, the modification must have been made in the defendant's presence."[11] (In fact, counsel for Griffin stated at oral argument that he only realized that the order existed because he came across it by "accident." It could have been very possible that Griffin would have completed his eleven-year prison term for case No. B–9706893B, only then to realize that the court had tacked another three years of community control onto his sentence.) Nevertheless, we need not address this error. The issue is moot because, even if the court would have entered the April 2, 1998 order after it had given notice to Griffin and after it had conducted a hearing with Griffin present, the order would still have been contrary to law.

Griffin's sole assignment of error is sustained. We reverse the trial court's April 2, 1998 order.

*Judgment reversed.*

SUNDERMANN, P.J., and GORMAN, J., concur.

---

9. R.C. 2929.15(B).

10. See R.C. 2929.16(A) (offender may serve community control after a mandatory prison term for a fourth-degree felony OMVI offense); R.C. 2929.17 (same).

11. *State v. Carpenter* (Oct. 9, 1996), Hamilton App. No. C–950889, unreported, 1996 WL 577854; see, also, Crim.R. 43(A) ("[t]he defendant shall be present at * * * every stage of the trial, including * * * the imposition of sentence").