OPINION
{¶ 1} Defendant-Appellant, Jonathan M. Hoy, appeals a judgment of the Union County Court of Common Pleas, sentencing him to consecutive terms of incarceration of four years and three years for violating community control sanctions in two separate cases. On appeal, Hoy contends that the trial court erred in finding that he violated his community control because the trial court lacked jurisdiction, that the trial court erred in sentencing him to periods of incarceration in excess of his original sentences and that the trial court erred in placing him on community control, where he had already served his sentence to the court. Based on the following, we reverse the judgments of the trial court.
 {¶ 2} In August of 1998, Hoy was indicted in case number 14-04-13 for one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree, and one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. In October of 1998, Hoy entered a plea of guilty to the burglary charge and the theft charge was dismissed. Subsequently, Hoy was sentenced to serve a five year term of incarceration and was then delivered to a state correctional institution.
 {¶ 3} In January of 1999, Hoy filed a motion for judicial release pursuant to R.C. 2929.20. On February 1, 1999, after a hearing on the motion, the trial court granted Hoy's motion for judicial release and imposed various community control sanctions and conditions, which were to remain in effect for a period of five years.
 {¶ 4} On July 23, 1999, the Adult Parole Authority ("APA") filed a complaint, alleging various violations of the terms of judicial release. Three days later, the trial court issued a bench warrant for Hoy based upon the APA's complaint. In August of 1999, two hearing notices were issued. We have no written transcripts or journal entries from these hearings. Upon review of the record provided, we cannot find anything journalizing the resolution of the issue of Hoy's alleged 1999 violations.
 {¶ 5} The next journal entry in the record for case number 14-04-13 is dated October 29, 1999. That entry includes two case numbers and orders Hoy to be transported to the West Central Community Based Correctional Facility ("West Central CBCF") in Marysville, Ohio.
 {¶ 6} The second case number on the October 29, 1999 entry is case number 14-04-14. That case began on July 20, 1999, when Hoy was indicted for one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. The incident leading to this second indictment took place on June 11, 1998, which pre-dated the criminal activity indicted in case number 14-04-13. A warrant for Hoy's arrest was issued with the July 20, 1999 indictment.
 {¶ 7} On July 23, 1999, Hoy entered a plea of not guilty in case number 14-04-14. On August 31, 1999, Hoy changed his plea to guilty on the sole burglary charge. On October 15, 1999, the trial court sentenced Hoy, in case number 14-04-14, to a term of four years in prison. In its judgment entry, the trial court made no reference to whether this sentence should be served concurrently or consecutively to the sentence entered in case number 14-04-13.
 {¶ 8} The next entry in the record is the October 29, 1999 entry ordering Hoy to be transported to the West Central CBCF in Marysville, Ohio on November 4, 1999. Again, this entry included both case numbers. On November 4, 1999, Hoy was transported to the West Central CBCF.
 {¶ 9} On February 29, 2000, a journal entry with both case numbers stated that Hoy had "completed his education and training at West Central CBCF, and upon his discharge from said facility he [was] to be brought before [the] Court by the Sheriff of Union County forthwith for release conditions to be imposed for community control."
 {¶ 10} Subsequently, a notice of hearing was filed for April 20, 2000. Again, the hearing notice included both case numbers. On May 8, 2000, a journal entry, including both case numbers, was filed. That entry stated the following:
This matter came on for hearing on the 20th day of April, 2000, to setthe terms of post-CBCF (Community Based Correction Facility) control.Further execution of sentence is suspended, and the Defendant is placedon three (3) years community control * * *.
The trial court also imposed several conditions upon Hoy. Finally, the judgment entry stated the following:
The Court further finds that the Court has notified the Defendant inwriting and orally that if the conditions of community control areviolated, the Court may impose a longer time under the same sanction, mayimpose a more restrictive sanction, or may impose a prison term on theDefendant and the Court hereby indicates that in the event that the Courtdoes impose a prison sentence on the offender, if he violates communitycontrol, the Court has indicated the Defendant could receive a maximumprison term of up to 7 1/2 years [in both cases] * * *.
 {¶ 11} On October 2, 2000, a journal entry was filed, including both case numbers, stating that Hoy had been sentenced to prison in a Franklin County case and that his three year period of "community control/judicial release" was hereby tolled. On June 3, 2002, a journal entry was filed, again, including both case numbers, stating that Hoy had been released from prison in the Franklin County case and that his "community control" was reinstated, effective May 25, 2002.
 {¶ 12} On January 15, 2004, an entry, including both case numbers, was filed, which stated that Hoy had not complied with the terms of his supervision by absconding from the probation officer. The entry, which specifically referenced the April 20, 2000 three year period of community control, stated that Hoy's community control was tolled and that a bench warrant was issued.
 {¶ 13} On February 12, 2004, Hoy's probation officer filed a notification of alleged probation violations. Subsequently, a notice of hearing was filed, again including both case numbers. On March 19, 2004, the trial court filed a journal entry, including both case numbers, stating that "[t]his matter came on before the Court on March 19, 2004, for hearing on probation violation charges." (Emphasis added.) In that entry, the trial court found that Hoy violated his "probation" on all of the alleged counts. The trial court went on to order that Hoy be "confined to the Department of Rehabilitation and Correction for a term of 4 years on one (1) Count of Burglary [in case number 14-04-14] * * *; a term on (sic.) 3 years on one (1) Count of Burglary [in case number 14-04-13] * * *, to be served consecutive to each other." Finally, the trial court calculated Hoy's jail time credit.
 {¶ 14} It is from these judgments that Hoy appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I It was error for the court to find the defendant violated his communitycontrol because the court lacked jurisdiction over the matter since theperiod of community control had terminated.
 Assignment of Error No. II The court erred when it sentenced the defendant to a period ofincarceration in excess of that originally imposed as it amountedto multiple sentences for the same offense.
 Assignment of Error No. III The court erred because prior to placing the defendant on communitycontrol the defendant had already served his sentence to the court andtherefore the court lacked further jurisdiction over the person of thedefendant.
 Assignment of Error No. I {¶ 15} In the first assignment of error, Hoy argues that in February of 1999, he was placed on probation for a period of three years. Thus, according to Hoy, the trial court lacked jurisdiction over him in January of 2004, because his "community control" had expired in January of 2002. Additionally, Hoy argues that his community control period was never properly tolled under R.C. 2951.07, because the State failed to produce sufficient evidence of the exact amount of time that Hoy served in prison on the Franklin County charge.
 {¶ 16} While the issue of the trial court's jurisdiction over Hoy, as to the 2004 violations, is proper, Hoy and the State both confuse the procedural posture of this case in their briefs. Accordingly, to determine the issue of the trial court's jurisdiction we must address each case separately.
 Case Number 14-04-13 {¶ 17} As stated above, in case number 14-04-13, Hoy was indicted in August of 1998. In October of 1998, he plead guilty and was sentenced. He was granted judicial release and placed on community control sanctions and conditions for a period of five years on February 1, 1999. Subsequently, in July of 1999, a complaint was filed alleging that Hoy violated the terms of his community control. Although two hearing notices were filed, the record is void of any other entry disposing of these alleged violations. Finally, all other entries in case number 14-04-13 filed after July of 1999 also bear the case number 14-04-14.
 {¶ 18} In 1996, Ohio's felony sentencing statutes were completely revised by Senate Bill 2 (hereinafter referred to as "S.B. 2"). S.B. 2, effective July 1, 1996. Prior to S.B. 2, it was a regular practice in felony sentencing to impose a prison sentence and then suspend the sentence and grant probation with specific terms and conditions. That option was removed by the felony sentencing statutes adopted as part of S.B. 2. The current felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require a judge either to impose a prison term or to impose community control sanctions.
 {¶ 19} One vestige of the pre-1996 felony sentencing system that was preserved in S.B. 2 is the concept of "shock probation." Prior to the 1996 revisions, a trial judge could grant shock probation to offenders who met certain conditions. See former R.C. 2947.061, repealed by S.B. 2. In S.B. 2, "shock probation" was recodified and renamed "judicial release," with many of the same rules and conditions applicable to the former "shock probation." See R.C. 2929.20. The new "judicial release" statute allows a trial judge to impose a prison term and later, after a period of confinement in prison, suspend the prison term, grant judicial release and impose community control sanctions.
 {¶ 20} R.C. 2929.20 governs the granting of judicial release and the revocation thereof in the event that a defendant violates a condition of the release. A defendant who has been granted judicial release has previously been ordered to serve a prison term as part of the original sentence. "R.C. 2929.20(B) provides that upon motion, the trial court may reduce the eligible offender's stated prison term, i.e., the originalprison sentence, through early judicial release." State v. McConnell
(2001), 143 Ohio App.3d 219, 222. R.C. 2929.20(I) provides:
If the court grants a motion for judicial release under this section,the court shall order the release of the eligible offender, shall placethe eligible offender under appropriate community control sanction, underappropriate community control conditions, and under the supervision of thedepartment of probation serving the court, and shall reserve the right toreimpose the sentence that it reduced pursuant to the judicial release ifthe offender violates the sanction. If the court reimposes the reducedsentence pursuant to this reserved right, it may do so eitherconcurrently with, or consecutive to, any new sentence imposed upon theeligible offender as a result of the violation that is a new offense. * **
 {¶ 21} In the event that the trial court grants a motion for judicial release, R.C. 2929.20(I) allows the court to, in effect, suspend the remainder of the prison sentence until the defendant either completes a term of community control (maximum of five years) or violates the conditions of release. McConnell, 143 Ohio App.3d at 223; see, also,State v. Fugate (Nov. 13, 2000), 12th Dist. No. CA2000-02-031; State v.Gardner (Dec. 1, 1999), 3d Dist. No. 14-99-24. If the offender violates the conditions of release, the statute provides that the court may reinstate the original prison sentence with credit to be given for time already served. R.C. 2929.20(I); McConnell, 143 Ohio App.3d at 224-225. See, also, Gardner, supra, citing R.C. 2929.20(I) (finding that when a defendant violates the conditions of early judicial release, the original prison sentence is to be reinstated with credit for time already served). The defendant may receive an increase in the prison time only if the court decides to order a consecutive sentence upon conviction for a new offense stemming from the violation. R.C. 2929.20(I); McConnell,143 Ohio App.3d at 224.
 {¶ 22} Although R.C. 2929.20 does not specifically label the decision to grant judicial release as "suspending the sentence" of the defendant, for all intents and purposes, judicial release amounts to a suspension of the prison sentence. McConnell, 143 Ohio App.3d at 223; State v.Wiley, 148 Ohio App.3d 82, 2002-Ohio-460.
 {¶ 23} Under the former "shock probation" statute, the trial court could simply re-impose the suspended sentence after finding that the terms of probation were violated, and no other explanation or finding was needed. The only finding required by such an order was a trial court's finding that the terms of probation were violated. State v. McMullen
(1983), 6 Ohio St.3d 244, fn. 1. Likewise, the judicial release statute allows the trial court to re-impose a previously imposed prison sentence merely by finding that a sanction was violated.
 {¶ 24} Here, in case number 14-04-13, Hoy was granted judicial release under R.C. 2929.20. Accordingly, the trial court retained jurisdiction under R.C. 2929.20(I). Therefore, under subpart (I), where there has been a violation of the conditions of release, the only authority the trial court retains is to either continue a defendant's judicial release or re-impose the original sentence. Accordingly, following the filing of the July 1999 notification of violations of the conditions of Hoy's release, if the trial court found that Hoy did, in fact, violate the conditions of his release, the trial court's only authority was to either continue Hoy's judicial release or revoke Hoy's judicial release and re-impose the original sentence. However, following the filing of the July 1999 notification, there were never any orders filed determining whether Hoy had violated the conditions of his release or revoking his judicial release. Accordingly, we can only conclude that the trial court did not intend to revoke Hoy's judicial release in case number 14-04-13.
 {¶ 25} Additionally, because the trial court never properly determined the issue of whether Hoy violated the terms of his release, we find that the trial court's October 29, 1999 entry ordering that Hoy be transferred to West Central CBCF was improper. Essentially, the court had no authority to modify the terms of Hoy's judicial release in case number 14-04-13 where there had been no finding that Hoy had violated the terms of his release.
 {¶ 26} Thus, in case number 14-04-13, Hoy would have been on community control until February 1, 2004, since the trial court never revoked his judicial release under R.C. 2929.20. Therefore, the only issue remaining in case number 14-04-13 is whether Hoy's period of community control sanctions tolled at any time while it was in effect.
 {¶ 27} As noted above, S.B. 2 substantially overhauled the felony sentencing law. Since that time there have been several more revisions to the felony sentencing law; therefore, we must be sure to apply the proper version of the relevant code sections.
 {¶ 28} Hoy was granted judicial release in February of 1999. On October 2, 2000, the trial court filed a journal entry, including both case numbers, which tolled Hoy's "community control/judicial release" based upon Hoy being sentenced to prison in a Franklin County case. Thus, we must consider the relevant code sections in effect at the time that the tolling order was filed, October 2, 2000.
 {¶ 29} Again, R.C. 2929.20 is the section that governs judicial release, and, at the time the tolling order was filed, there was nothing in that code section allowing the trial court to toll Hoy's period of judicial release. As noted above, subpart (I) governs a trial court's authority after a motion for judicial release has been granted. Specifically, a trial court is authorized to
* * * order the release of the eligible offender, shall place theeligible offender under an appropriate community control sanction, underappropriate community control conditions, and under the supervision of thedepartment of probation serving the court, and shall reserve the right toreimpose the sentence that it reduced pursuant to the judicial release ifthe offender violates the sanction. If the court reimposes the reducedsentence pursuant to this reserved right, it may do so eitherconcurrently with, or consecutive to, any new sentence imposed upon theeligible offender as a result of the violation that is a new offense. Theperiod of the community control sanction shall be no longer than fiveyears. The court, in its discretion, may reduce the period of thecommunity control sanction by the amount of time the eligible offenderspent in jail for the offense and in prison.
R.C. 2929.20(I), effective 3-23-00.
 {¶ 30} No where in R.C. 2929.20(I) is the trial court given the authority to modify an offender's judicial release merely because the offender is confined in a prison. The trial court would be authorized to revoke an offender's judicial release, based on a finding that the new offence violated the conditions of his release. However, the trial court is given no authority to modify or toll that offender's release.
 {¶ 31} The State relies upon R.C. 2951.07 to justify the tolling of Hoy's time under judicial release. In October of 2000, R.C. 2951.07
stated the following:
Probation under section 2951.02 of the Revised Code continues for theperiod that the judge or magistrate determines and, subject to division(F)(1)(a) of that section, may be extended. Except as provided indivision (F)(1)(a) of that section, the total period of an offender'sprobation shall not exceed five years. If the probationer absconds orotherwise absents himself or herself from the jurisdiction of the courtwithout permission from the county department of probation or the courtto do so, or if the probationer is confined in any institution for thecommission of any offense whatever, the probation period ceases to rununtil such time as the probationer is brought before the court for itsfurther action.
 {¶ 32} As explained above, "shock probation" was the precursor to judicial release. With S.B. 2, where a felony offender was sentenced to prison, a trial court was no longer authorized to immediately suspend sentence and order probation. Rather, where a felony offender was sentenced to prison, a trial court was only authorized to grant judicial release pursuant to R.C. 2929.20. R.C. 2951.07, however, specifically refers to "[p]robationers under R.C. 2951.02." Upon a review of the proper version of R.C. 2951.02, we find that, after the effective date of S.B. 2, R.C., 2951.02 deals solely with misdemeanors. See R.C. 2951.02. Thus, while prior to S.B. 2 section 2951.07 of the Revised Code did provide authority to toll an offender's probation, Hoy was not on "probation." Rather, he had been granted judicial release. Accordingly, R.C. 2951.07 does not provide any authority to toll Hoy's judicial release.
 {¶ 33} Other courts have also recognized that R.C. 2951.07 "applies exclusively to the circumstance of court-imposed probation and does not provide authority to suspend the running of a [community control sanction] term * * * [.]" State v. Sharp, 8th Dist. No. 79230, 2002-Ohio-4028, ¶ 13; see, also, State v. Griffin (1998), 131 Ohio App.3d 696. InGriffin, the court noted that it was improper for the trial court to rely upon R.C. 2951.07 in tolling the defendant's community control.131 Ohio App.3d at 698. Specifically, the court stated:
To toll Griffin's community control, the court should have looked tothe sections of the Revised Code specifically governing community control— R.C. 2929.15 through 2929.18. Under these sections, a court may modifythe terms of an offender's sentence of community control if the offenderviolates his or her sentence. But no where in these sections is there aprovision that community control may be modified merely because theoffender is confined to prison.
 {¶ 34} While Griffin deals with community control as opposed to judicial release, we cannot deny the logic of its reasoning. R.C. 2951.07
clearly applies to probation, which post-S.B. 2 was defined specifically as being applicable only to misdemeanors. Accordingly, followingGriffin, we find that R.C. 2951.07 had no effect upon judicial release, and, as a result, Hoy's judicial release could not have been tolled under that statute.
 {¶ 35} Thus, because the version of R.C. 2951.07 in place in October of 2000, was inapplicable to judicial release, we cannot say that it was applicable to toll Hoy's judicial release at that time. Accordingly, Hoy's judicial release did not toll in October of 2000.
 {¶ 36} Having found that Hoy's judicial release was not tolled in October of 2000, his judicial release was set to expire on February 1, 2004. Accordingly, we must next determine whether the January 15, 2004 journal entry tolling Hoy's judicial release was proper at that time.
 {¶ 37} On January 1, 2004, R.C. 2951.07 was revised to state:
A community control sanction continues for the period that the judge ormagistrate determines and, subject to the five-year limit specified insection 2929.15 or 2929.25 of the Revised Code, may be extended. If theoffender under community control absconds or otherwise leaves thejurisdiction of the court without permission from the probation officer,the probation agency, or the court to do so, or if the offender isconfined in any institution for the commission of any offense, the periodof community control ceases to run until the time that the offender isbrought before the court for its further action.
Additionally, on March 23, 2000, R.C. 2929.15, the community control sanctions statute, was also revised to include the following tolling language:
* * * If the offender absconds or otherwise leaves the jurisdiction ofthe court in which the offender resides without obtaining permission fromthe court or the offender's probation officer to leave the jurisdictionof the court, or if the offender is confined in any institution for thecommission of any offense while under a community control sanction, theperiod of the community control sanction ceases to run until the offenderis brought before the court for its further action. * * *
 {¶ 38} Thus, based on the above revisions, it is clear that tolling does now apply to community control. However, the judicial release statute has not been revised to include any specific tolling language. Therefore, the trial court again had no authority to toll Hoy's judicial release under R.C. 2929.20.
 {¶ 39} While the judicial release statute does not include any specific tolling language, subpart (I) does allow the trial court to "place the eligible offender under an appropriate community control sanction" and "under appropriate community control conditions." R.C.2929.20(I). R.C. 2929.01(F) defines "community control sanction" as follows:
A sanction that is not a prison term and that is describedin section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Codeor a sanction that is not a jail term and that is described in section2929.26, 2929.27, or 2929.28 of the Revised Code. `Community controlsanction' includes probation if the sentence involved was imposed for afelony that was committed prior to July 1, 1996, or if the sentenceinvolved was imposed for a misdemeanor that was committed prior toJanuary 1, 2004.
Additionally, R.C. 2951.01(B) states that "`Community control sanction' has the same meaning as in section 2929.01 of the Revised Code. "Community control conditions" is not defined in the Revised Code.
 {¶ 40} The community control sanctions granted under the judicial release section of the code, R.C. 2929.20, are not included in the definition under R.C. 2929.01(F). First, R.C. 2929.01(F) specifically references the "community control sanction" sections R.C. 2929.15 through2929.18, which all deal with a trial court's authority to grant community control as an original sentence. R.C. 2929.01(F) also specifically references sections 2929.26 through 2929.27, which deal with non-jail term sanctions and felony probation imposed prior to July 1, 1996. And, finally, R.C. 2929.01(F) references prior misdemeanor probation.
 {¶ 41} Thus, based on the above definition, judicial release does not fall under the definition of "community control sanction[s]" as it is referred to in R.C. 2929.15 or R.C. 2951.07. Accordingly, the "community control sanction" tolling does not apply as well. As a result, a trial court that has placed an offender on judicial release has no statutory authority to toll an offender's community control sanctions or conditions. Again, the trial court does have the authority to revoke an offender's judicial release based upon a finding of a violation of his conditions of release under R.C. 2929.20; however, it cannot toll that offender's judicial release for absconding or for being incarcerated on another unrelated charge.
 {¶ 42} Because no provision exists authorizing the trial court to toll the terms of Hoy's judicial release, we find that the trial court was not permitted to toll his judicial release on January 15, 2004. Thus, Hoy's judicial release properly expired on February 1, 2004, as did the trial court's jurisdiction over Hoy in case number 14-04-13. As a result, the February 12, 2004 filing of the notification of alleged probation violations was outside the trial court's jurisdiction.
 {¶ 43} Based on the foregoing, the trial court's jurisdiction over Hoy expired in case number 14-04-13 on February 1, 2004. Accordingly, we sustain Hoy's first assignment of error as to case number 14-04-13 and remand for dismissal of the February 12, 2004 "notification of alleged probation violations" as to this case.
 Case Number 14-04-14 {¶ 44} Case number 14-04-14 began with Hoy's indictment in July of 1999. In August of 1999, he plead guilty to the offense, and on October 15, 1999, he was sentenced to a term of four years in prison for the offense. The trial court's sentencing entry ordered the Sheriff to convey Hoy to the Corrections Reception Center at Orient, Ohio. Thereafter, in the October 29, 1999 entry, the trial court ordered Hoy to be transported to the West Central CBCF. On November 4, 1999, Hoy was transported to the West Central CBCF. Subsequently, the trial court ordered that Hoy's sentence be suspended and that he be placed on three years of community control.
 {¶ 45} The October 15, 1999 entry was a final judgment sentencing Hoy to prison, which the trial court could not modify without some statutory authority. Hall v. Hall (1956), 101 Ohio App. 237, para. two of syllabus. With that judgment of sentence, the trial court ordered Hoy to be transported to the state penitentiary; however, with the October 29, 1999 entry Hoy was transported to West Central CBCF, a community based corrections facility. As discussed above, S.B. 2 did away with the trial court's authority to sentence an offender to prison and then immediately suspend sentence and place an offender on probation. Thus, post-S.B. 2, the trial court had no statutory authority to order Hoy to be transferred to a community based corrections facility after it had sentenced Hoy to prison. Therefore, the October 29, 1999 entry, which attempted to substantially modify the earlier judgment of sentence, is inconsistent with the trial court's jurisdiction, and is therefore a nullity.
 {¶ 46} Additionally, the subsequent order that Hoy's sentence be suspended and that he be placed on three years community control is also inconsistent with the court's jurisdiction. Again, because the trial court sentenced Hoy to prison, the trial court was not authorized to modify that sentence by simply placing Hoy on community control. The only authority for the court to implement community control sanctions would come through judicial release. Under R.C. 2929.20, the trial court is authorized to grant judicial release to an "eligible offender." R.C.2929.20(A)(1) defines an "eligible offender" as "* * * any person serving a stated prison term[.]" Thus, pursuant to R.C. 2929.20(A)(1), the trial court could not have granted judicial release because Hoy was not an eligible offender, as he had not begun to serve his stated prison term. Accordingly, the entry placing Hoy on three years community control was a second attempt to modify Hoy's prison sentence. Again, such an attempt to modify a final judgment is a nullity.
 {¶ 47} Because the trial court sentenced Hoy to prison on case number 14-04-14 its subsequent orders, which attempted to modify that sentence to prison, were nullities. Therefore, Hoy was never on community control in case number 14-04-14.
 {¶ 48} Having found that Hoy's community control was improper, the trial court had no jurisdiction over Hoy to hear the motion for community control violations in case number 14-04-14, in January of 2004. Accordingly, all issues arising out of case number 14-04-14, as to community control violations, are also null and void. However, Hoy never served his original four year prison sentence in this case. That sentence should now be imposed.
 {¶ 49} Based on the foregoing, to the extent set forth herein we sustain Hoy's first assignment of error and remand case number 14-04-14 for purposes of imposing Hoy's original sentence of four years incarceration. We note that Mr. Hoy is still entitled to credit for confinement served in connection with this case, including the time served in the West Central CBCF.
 Assignments of Error Nos. II III {¶ 50} In the second and third assignments of error, Hoy asserts that the trial court erred in its re-sentencing of Hoy and that the trial court lacked jurisdiction over him, because he had already served his sentence. Based on the foregoing it is unnecessary for this Court to address the remaining assignments of error. Pursuant to App.R. 12(A)(1)(c), assignments of error two and three have been rendered moot.
 {¶ 51} Having found error prejudicial to appellant in case number 14-04-13, we reverse the judgment of the trial court in that case and remand the matter for further proceedings consistent with this opinion.
 {¶ 52} Having found error prejudicial in case number 14-04-14, we reverse the judgment of the trial court and remand for the matter for re-sentencing proceedings consistent with this opinion.
Judgment reversed in Case No. 14-04-13. Judgment reversed in Case No.14-04-14.
 Bryant and Shaw, JJ., Concur.