The STATE of Ohio, Appellee,

v.

BROOKS, Appellant.

[Cite as *State v. Brooks,* 163 Ohio App.3d 241, 2005-Ohio-4728.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 04CA35.

Decided Sept. 6, 2005.

</div>

David H. Bodiker, Ohio Public Defender, and Charles B. Clovis, Assistant State Public Defender, for appellant.

Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, for appellee.

KLINE, Judge.

{¶ 1} Russell D. Brooks appeals the judgment of the Washington County Court of Common Pleas modifying his five-year community-control sentence in case No. 99CR62 by tolling it during his imprisonment for a separate offense in case No. 01CR240. Because we find that the version of R.C. 2929.15 in effect at the time of Brooks's underlying offense does not permit the trial court to toll his community-control sanctions merely because he was imprisoned, we conclude that

the trial court's order is contrary to law. Accordingly, we sustain Brooks's sole assignment of error and reverse the trial court's judgment.

## I.

{¶ 2} In case No. 99CR62, the Washington County Grand Jury indicted Brooks for one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(3), a felony of the fourth degree. Brooks pleaded guilty, and on October 20, 1999, the trial court sentenced him to five years of community control.

{¶ 3} On June 17, 2002, Brooks received a sentence of two years' imprisonment for an unrelated offense in Washington County case No. 01CR240. Thereafter, the trial court issued an ex parte order tolling Brooks's community-control sanctions in case No. 99CR62 during his incarceration for the other offense.

{¶ 4} After his release from prison, Brooks learned that his community-control sentence had been tolled. He filed a motion to modify his sentence in case No. 99CR62 on the ground that he did not receive notice or an opportunity to be heard before the trial court tolled his community-control sanctions. In his brief in support of his motion, Brooks argued that by tolling his community-control sentence during his imprisonment for a subsequent offense, the trial court was effectively imposing a consecutive sentence without making the proper statutory findings.

{¶ 5} The trial court denied Brooks's motion to modify his sentence, noting that the version of 2929.15(A)(1) *in effect at the time of Brooks's sentencing for the subsequent felony* provided: "The duration of all community control sanctions shall not exceed five years. If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer, * * * or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action." Am.Sub.H.B. No. 349, 148 Ohio Laws, Part II, 3529, 3566.

{¶ 6} Brooks timely appeals, raising the following assignment of error: "The trial court erred when it modified Appellant's five-year community control sentence in Case No. 99 CR 62 by tolling it during Appellant's imprisonment for a separate offense in Case No. 01CR240. The trial court erred again when it denied Appellant's motion to undo this illegal tolling. These errors violated Appellant's right to due process under law as provided by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution."

## II.

{¶ 7} In his sole assignment of error, Brooks argues that the trial court should have looked to the version of R.C. 2929.15 in effect at the time of his sentencing in case No. 99CR62 to determine whether it had the authority to toll his community-control sanctions. Instead, Brooks notes that the trial court relied upon the version in effect at the time of the sentencing for his subsequent offense. Brooks contends that the later version of the statute does not evidence any intention by the General Assembly that the statute apply retroactively. Further, he argues that even if the General Assembly intended the statute to apply retroactively, it would violate the ex post facto clauses of the United States and Ohio Constitutions. Finally, Brooks contends that his modified sentence violates his due-process rights, as well as the Crim.R. 43 requirement that the offender be present at any sentencing.

{¶ 8} In its brief, the state concedes that the community-control statute in effect at the time of Brooks's original sentencing did not provide for an offender's community-control time to be tolled during imprisonment on other charges. The state further concedes that the case law cited by Brooks holds that, if the community-control statute in effect at the time of sentencing did not provide for tolling during imprisonment, an improper modification occurs if a trial court tolls an offender's community control during such a period of imprisonment.

{¶ 9} Pursuant to R.C. 2953.08(G)(2), we may increase, reduce, or otherwise modify a sentence that is appealed, or may vacate the sentence and remand the matter to the sentencing court for resentencing, if we clearly and convincingly find that the sentence is contrary to law. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *State v. Eppinger* (2001), 91 Ohio St.3d 158, 164, 743 N.E.2d 881, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 120 N.E.2d 118.

{¶ 10} R.C. 2929.15 governs the imposition and enforcement of community-control sanctions. The version of R.C. 2929.15 in effect at the time of Brooks's sentencing for his subsequent felony was enacted by Am.Sub.H.B. No. 349, 148 Ohio Laws, Part II, 3529, 3566, and became effective on September 22, 2000. That version of R.C. 2929.15 provides: "If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action." However, the version of the statute in effect when Brooks committed the underlying offense and received his communi-

ty-control sentence contained no language regarding the tolling of a community-control sanction during confinement for a separate offense.

{¶ 11} Section 10, Article I of the United States Constitution prohibits ex post facto laws. In *Beazell v. Ohio* (1925), 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216, the United States Supreme Court summarized the meaning of the Ex Post Facto Clause as follows: "It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto." Id. at 169–170, 46 S.Ct. 68, 70 L.Ed. 216. See, also, *Collins v. Youngblood* (1990), 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30.

{¶ 12} Similarly, Section 28, Article II of the Ohio Constitution expressly prohibits the enactment of retrospective laws by providing that "[t]he general assembly shall have no power to pass retroactive laws * * *." The Ohio Supreme Court has held that the retroactivity clause nullifies those new laws that " 'reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective].' " *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 353, 721 N.E.2d 28, quoting *Miller v. Hixson* (1901), 64 Ohio St. 39, 51, 59 N.E. 749. However, as the Ohio Supreme Court has noted, "Ohio courts have long recognized that there is a crucial distinction between statutes that merely apply retroactively (or 'retrospectively') and those that do so in a manner that offends our Constitution." *Bielat*, 87 Ohio St.3d at 353, 721 N.E.2d 28, citing, e.g., *Rairden v. Holden* (1864), 15 Ohio St. 207, 210–211; *State v. Cook* (1998), 83 Ohio St.3d 404, 410, 700 N.E.2d 570.

{¶ 13} In determining whether a statute is unconstitutionally retroactive, a court must first determine whether the General Assembly expressly intended it to apply retroactively. See R.C. 1.48;[1] *State v. Cook*, 83 Ohio St.3d at 410, 700 N.E.2d 570, citing *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph one of the syllabus. In the absence of such an express finding by the General Assembly, the presumption of prospective application may not be overcome, and the court's inquiry into whether the statute may be constitutionally applied retrospectively ends. *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, at ¶ 14, citing *Van Fossen*, supra, paragraph two of the syllabus. See, also, *Bielat*, 87 Ohio St.3d at 353, 721 N.E.2d 28;

---

1. R.C. 1.48 creates a presumption that a statute is prospective in its operation unless the General Assembly expressly makes its operation retroactive.

*State ex rel. Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258, 259, 744 N.E.2d 708.

{¶ 14} In addition to the constitutional prohibitions against the retroactive application of statutes, R.C. 1.58(A) provides: "The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section: (1) Affect the prior operation of the statute or any prior action taken thereunder; * * * (3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal; (4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended."

{¶ 15} R.C. 1.58(B) expressly provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." Therefore, when sentencing offenders, Ohio courts must apply the statute in effect at the time the offender committed his offense, unless a statute, enacted after the commission of the offense, but before sentencing, provides for a lesser punishment.

{¶ 16} Here, the General Assembly has not expressly indicated an intention that the amendment of R.C. 2929.15 apply retroactively. The statutory amendment did not occur after the commission of the offense, but before the sentencing, nor did it provide a lesser punishment for Brooks's offense. Therefore, under Ohio law, it cannot be applied retroactively to permit the modification of Brooks's community-control sentence. Accordingly, we must apply the version of R.C. 2929.15 in effect at the time Brooks committed the underlying offense that caused him to receive his community-control sentence.

{¶ 17} In *State v. Griffin* (1998), 131 Ohio App.3d 696, 723 N.E.2d 606, the First District Court of Appeals interpreted the version of R.C. 2929.15 in effect at the time that Brooks committed the underlying offense. There, the defendant received a sentence of six months in jail and three years of community control, which the trial court ordered to be served concurrently with an 11–year prison sentence that the defendant received in another case. Id. at 697, 723 N.E.2d 606. Shortly after sentencing, the trial court tolled the defendant's community-control sanctions during his 11–year prison sentence. Id. In its order, the trial court stated that it acted pursuant to a former version of R.C. 2951.07, which concerned probation rather than community control. Id.

{¶ 18} On appeal, the *Griffin* court noted that the trial court should have looked to R.C. 2929.15 through R.C. 2929.18 to determine whether it could toll the

defendant's community-control sanctions during his prison term. Id. at 698, 723 N.E.2d 606. Interpreting the same version of R.C. 2929.15 that was in effect when Brooks committed the underlying offense in this case, the *Griffin* court reversed the trial court's tolling of the defendant's community-control sanctions. The court found that, while the statutes specifically governing community control permitted the modification of an offender's community-control sentence if he violated his sentence, there was no provision for modification of a community-control sentence merely because the offender was confined in a prison. Id. at 698–699, 723 N.E.2d 606. Accordingly, the court held that the tolling order was an improper modification of the defendant's sentence that effectively extended his sentence by three years. Id. at 698, 723 N.E.2d 606.

{¶ 19} Despite the First Appellate District's holding in *Griffin*, the state contends that the tolling of Brooks's community-control sanction is not a modification of his prior sentence. Rather, the state argues that it is impossible for an imprisoned offender to be under community-control supervision while in prison. Therefore, the state urges us to find that the trial court's tolling of Brooks's community-control sentence constituted the enforcement of his full community-control sentence, rather than a modification of that sentence.

{¶ 20} We agree that common sense dictates that an offender cannot comply with some portions of a community-control sanction, such as reporting to his probation officer or obtaining employment, while imprisoned for a separate offense. However, we also recognize that an offender may still comply with a number of community-control sanctions while in prison. For example, an imprisoned offender may obey the laws of this state, refrain from ingesting or being injected with a drug of abuse, submit to drug testing, participate in a drug-treatment program, obtain education or training, and refrain from contacting the victim of his offense. Therefore, we decline to adopt the state's position.

{¶ 21} Based upon the First Appellate District's holding in *Griffin*, we conclude that the version of R.C. 2929.15 in effect at the time of Brooks's underlying offense and sentencing does not permit the trial court to modify his community control merely because he was imprisoned. Additionally, we find that the relevant statute does not permit the tolling of a community-control sentence. Hence, we conclude that the trial court's June 26, 2002 order is contrary to law.

{¶ 22} Because we conclude that the trial court's order tolling Brooks's community-control sentence is contrary to law, Brooks's argument that the ex parte modification of his sentence violated his right to due process and the provisions of Crim.R. 43 is moot. Even if the court had given the appropriate notice to Brooks and conducted an appropriate sentencing hearing, the order would still have been contrary to law. See, e.g. *Griffin*, 131 Ohio App.3d at 699, 723 N.E.2d 606.

{¶ 23} Accordingly, we sustain Brooks's sole assignment of error and reverse the trial court's judgment.

Judgment reversed.

ABELE, P.J., and HARSHA, J., concur.