OPINION
{¶ 1} The defendant-appellant, Jonathan Matthew Hoy ("Hoy"), appeals from the judgment of the Union County Common Pleas Court re-sentencing him to four years in prison with 673 days of jail time credit.
 {¶ 2} Hoy was indicted on July 20, 1999 for an incident that occurred on June 11, 1998. The indictment charged Hoy with burglary, a violation of R.C. § 2911.12(A)(3), a felony of the third degree. On August 31, 1999, Hoy pled guilty to the indictment, and the State of Ohio ("State") recommended a two year prison term. The trial court sentenced Hoy to serve four years in prison and pay a $1,000.00 fine on October 15, 1999, and he was transported to the Correctional Reception Center in Orient, Ohio ("CRC"). On October 29, 1999, the trial court ordered Hoy to be conveyed from CRC to the West Central Community Based Correction Facility in Marysville, Ohio ("CBCF") on November 4, 1999. On February 29, 2000, the trial court entered a judgment entry stating that Hoy had completed "his education and training at West Central CBCF, and upon his discharge from said facility he is to be brought before [the trial court] by the Sheriff of Union County for release conditions to be imposed for Community Control." At an April 20, 2000 hearing, the trial court suspended Hoy's sentence and placed him on community control for three years.
 {¶ 3} The trial court tolled Hoy's period of "Community Control/Judicial Release" on October 2, 2000 because he was sentenced to a prison term on criminal charges in Franklin County. On June 3, 2002, the trial court reinstated Hoy's community control, as he had served the sentence imposed in Franklin County. Hoy absconded from his probation officer, and on January 15, 2004, the trial court tolled Hoy's community control and issued a bench warrant for his arrest. On March 19, 2004, the trial court re-imposed Hoy's original sentence with 250 days of jail time credit.
 {¶ 4} Hoy appealed from the March 19, 2004 judgment entry. In Statev. Hoy, 3rd Dist. Nos. 14-04-13, 14-04-14, 2005-Ohio-1093, we held that the trial court's October 29, 1999 judgment entry, which attempted to modify a previously imposed sentence, was a nullity because S.B. 2 prevents a court from immediately suspending a sentence in order to impose probation. We noted that the only way to impose community control under S.B. 2 is to grant judicial release under R.C. § 2929.20, and Hoy was not eligible for judicial release because there was no evidence he had begun serving his four year prison term. Id. We ordered the trial court to re-impose Hoy's original sentence, minus jail time credit. Id.
 {¶ 5} On May 16, 2004, the trial court re-imposed the original four year sentence and credited Hoy for 673 days served. Hoy appeals from the trial court's judgment and asserts the following assignments of error:
After reversal from the court of appeals, the trial court errs when itresentences to the identical four year term, when additional facts at thehearing show Defendant completed his original sentence.
 The trial court errs when it renders an excessive sentence contra thedouble jeopardy provisions of the Ohio and federal constitutions.
 {¶ 6} We begin by noting that our decision in Hoy's first appeal was released on March 14, 2005. Hoy did not appeal that decision to the Ohio Supreme Court. Subsequently, the trial court complied with our opinion in which we remanded this matter "for purposes of imposing Hoy's original sentence of four years incarceration." Hoy, supra at ¶ 49. The trial court's May 16, 2005 judgment entry states in pertinent part:
[Hoy] is hereby remanded to the custody of the Union County Sherif[f] for the purpose of returning Defendant to the Ohio Department of Rehabilitation and Corrections for completion of his originally imposed sentence of four (4) years imprisonment for Burglary in violation of Ohio Revised Code Section 2911.12(A)(3). Defendant is granted 673 days jail and prison time credit.
 {¶ 7} Hoy's first assignment of error essentially alleges that we were wrong in our prior opinion because we did not have all of the facts before us. Hoy contends that he was incarcerated for approximately 16 days at CRC in October and November 1999 and so he was eligible for judicial release. The State contends Hoy was not eligible for judicial release until he had served 180 days of his sentence.
 {¶ 8} As we previously held, the trial court did not have authority to grant judicial release. Regardless of whether we consider Hoy's "additional facts" or not, he was not eligible for judicial release. Under the 1999 version of R.C. § 2929.20(A)(1)(a), an "eligible offender" is any person "who has . . . pleaded guilty to a felony, who is serving a stated prison term of ten years or less, and who is not serving a mandatory prison term[.]" However, in addition to being an "eligible offender", the statute provides:
upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. . . . Except as otherwise provided in division (B)(3) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender shall file the motion not earlier than one hundred eighty [180] days after the offender is delivered to a state correctional institution.
R.C. § 2929.20(B)(2). Because a trial court is required to act in accordance with the statute, it cannot grant judicial release to an offender convicted of a third degree felony until that offender has served 180 days of his prison term. In this case, Hoy wants us to change our prior decision because of "additional facts" we did not have before us, such as his handwritten statement and a health screening form from CRC, which suggests he served approximately 16 days in CRC. See Def.'s Sent. Memo., May 13, 2005, at Exs. A, H. Even if we were to consider this additional evidence, our decision would remain the same. Hoy had not served 180 days on his sentence, and the trial court had no authority to grant judicial release. Hoy's first assignment of error is simply a second bite at the apple, but as it is the law of the case, we follow our prior opinion. The first assignment of error is overruled.
 {¶ 9} In his second assignment of error, Hoy makes three arguments. First, Hoy argues that the trial court was required to follow the State's sentencing recommendation and sentence him to two years in prison. Although a trial court is not bound to impose a recommended sentence, Hoy should have made this appeal from the October 15, 1999 sentencing entry. See App.R. 4. This argument is not properly before us due to Hoy's failure to appeal the original sentence in 1999.
 {¶ 10} Second, Hoy argues he was placed in double jeopardy since the trial court tolled his judicial release while he served a prison term in Franklin County. This argument is also without merit. Hoy was not placed in double jeopardy because the October 29, 1999 judgment entry is a nullity. Since Hoy was never placed on judicial release or community control, he could not be placed in double jeopardy while serving his sentence in Franklin County.
 {¶ 11} Third, Hoy argues that the trial court improperly enhanced his sentence in violation of Blakely v. Washington (2004), 542 U.S. 296. As we have previously held, Blakely, supra does not apply to Ohio's sentencing statutes. State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552. Hoy's second assignment of error is overruled.
 {¶ 12} The judgment of the Union County Common Pleas Court is affirmed.
Judgment Affirmed.
 Rogers and Shaw, J.J., concur.