DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, denying appellant's motion to release him from electronic monitoring, a community control condition. Because we conclude that the trial court erred in its determination that appellant's community control time could be tolled during several alleged failures to appear in court, we reverse.
 {¶ 2} On April 5, 2000, appellant, John Gillespie, pled no contest to a violation of R.C. 2919.21(B) and (G)(1), nonsupport of dependents. He was sentenced to five years of community control, with additional conditions. The court also advised appellant that he would receive a 12 month sentence of incarceration if he violated the community control conditions. Over the next five years, appellant violated his community control conditions several times and failed to appear occasionally at violation or sentencing hearings. Often a capias was issued, and appellant would be arrested. Other times, appellant would appear on his own. The trial court imposed additional conditions, but each time continued appellant's community control.
 {¶ 3} On December 15, 2004, appellant appeared for a fifth community control violation hearing, admitted to the violation, and was sentenced on January 24, 2005. The court again continued the community control sanctions, but placed appellant on electronic monitoring for an additional six months. The trial court terminated appellant's other community control sanctions on February 24, 2005, but ordered appellant to serve the remainder of the electronic monitoring sentence.
 {¶ 4} On April 7, 2005, appellant filed a motion to suspend the remainder of his electronic monitoring sentence, which was to run until July 24, 2005, arguing that the five year period of community control expired on April 5, 2005. On April 12, 2005, the trial court conducted a violation hearing as to the electronic monitoring condition, as well as to appellant's motion to suspend the remainder of his sentence. On April 18, 2005, the trial court denied appellant's motion on the basis that appellant had "absconded" for 136 days during the period imposed for community control sanction, tolling his community control time. Relying on R.C. 2951.07, the court stated that this permitted the extension of appellant's community control past the original five-year expiration date. The trial court also stayed the electronic monitoring sentence on June 2, 2005.
 {¶ 5} Appellant now appeals from the imposition of electronic monitor judgment, arguing the following three assignments of error:
 {¶ 6} "1. The trial court lacked statutory authority to toll appellant's community control between April 5, 2000 and December 31, 2003.
 {¶ 7} "2. The trial court erred in extending appellant's sanctions for violation of community control beyond the statutory limit of five years.
 {¶ 8} "3. The trial court violated appellant's rights to notice and due process by tolling appellant's community control retroactively, as no record of tolling was ever made prior to April, 2005."
 {¶ 9} We will address appellant's first two assignments of error together. Appellant essentially argues that the trial court improperly applied the wrong version of R.C. 2929.15 to toll his community control and erred in extending the community control sanctions beyond the statutory five year limit. We agree.
 {¶ 10} R.C. 1.48 creates a presumption that a statute is prospective in its operation unless the General Assembly expressly makes its operation retroactive. In the absence of such an express finding by the General Assembly, the presumption of prospective application may not be overcome, and the court's inquiry into whether the statute may be constitutionally applied retrospectively ends. State v. LaSalle, 96 Ohio St.3d 178,2002-Ohio-4009, ¶ 14. Unless a statute is expressly made retrospective, then only those statutes which were in effect at the time of the commission of the offense apply to an offender.State v. Brooks, 163 Ohio App.3d 241, 2005-Ohio-4728, ¶ 13.
 {¶ 11} Nevertheless, R.C. 1.58(B) expressly provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." Therefore, when sentencing offenders, Ohio courts must apply the statute in effect at the time the offender committed his offense, unless a statute, enacted after the commission of the offense, but before sentencing, provides for a lesser punishment. Furthermore, R.C. 2901.04(A) requires that statutes defining criminal offenses shall be strictly construed against the state and in favor of the defendant.
 {¶ 12} After 1995 Senate Bill 2, which created many changes in R.C. Chapter 29, community control is different from probation. Community control, specifically addressed by R.C.2929.15 through 2929.18, is an alternative to prison terms for primarily felony convictions. Probation, on the other hand, is governed by different sections of the Revised Code and now generally refers to misdemeanors and the conditions which may be imposed under a suspended sentence of incarceration. State v.Griffin, (1998), 131 Ohio App.3d 696, 698 supra.
 {¶ 13} Prior to March 2000, R.C. 2929.15, the general provisions for community control sanctions, did not include a tolling provision for community control offenders who absconded or otherwise left the jurisdiction of the court or for time spent while incarcerated for another offense. See Brooks, supra;Griffin, supra. Subsequent amendments to R.C. 2929.15, which did authorize such tolling, were not expressly made retroactive by the General Assembly. See R.C. 2929.15; Griffin, supra. Appellant's offense occurred prior to March 2000, but he was sentenced after the amendment.[1] This amendment, however, now expressly permits the trial court to extend an absconding offender's penalty beyond the five year time limit. Therefore, since the amended version of R.C. 2929.15 does not provide a lesser punishment, but rather provides for an extension of the penalty period, we must apply the version, in effect at the time of appellant's offense, which does not authorize tolling during appellant's alleged absconding.
 {¶ 14} In this case, appellant was initially sentenced on April 5, 2000 to five years community control. Although the trial court imposed additional stricter sanctions against appellant for the subsequent violations, the court always continued the underlying community control sanctions. Thus, under the version of R.C. 2929.15 in effect at the time of appellant's offense, the court was not permitted to toll the time past the outside time limit for community control, which was April 5, 2005.
 {¶ 15} In tolling the time periods when appellant failed to appear, the trial court mistakenly relied on R.C. 2951.07, which applies to probation, and State v. Hamilton, 5th Dist. No. 03 CA 8, 2003-Ohio-5366, which tolled probation time while a probationer had absconded from the court's jurisdiction. Since the instant case deals with community control and not probation, R.C. 2951.07 and Hamilton are inapplicable. Thus, the trial court had no authority to extend appellant's community control condition of electronic monitoring beyond, April 5, 2005, the five year time limit proscribed in R.C. 2929.15(A)(1). Therefore, we conclude that the trial court erred in denying appellant's motion to terminate the electronic monitoring.
 {¶ 16} Accordingly, appellant's first two assignments of error are well-taken. Appellant's third assignment of error is moot.
 {¶ 17} The judgment of the Lucas County Court of Common Pleas is reversed and the case is remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Skow, J. Parish, J. concur.
[1] R.C. 2929.15 was amended in March 2000 to permit a court to toll the community control time if an offender absconds or otherwise leaves the jurisdiction of the court, or is confined in any institution for the commission of any offense while under a community control sanction.