OPINION
{¶ 1} Defendant-Appellant, Rodney Rose, appeals a judgment of the Marion County Court of Common Pleas, sentencing him upon his conviction for aggravated arson. On appeal, Rose asserts that the trial court erred in sentencing him to more than the minimum term of imprisonment and that the trial court erred in ordering restitution to a third-party casualty insurance company. Finding that the trial court did not err in ordering restitution, but that Rose's sentence is void as based upon unconstitutional statutes, pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings.
 {¶ 2} In June of 2003, Rose's residence was set on fire using a gasoline accelerant. At the time the house was set on fire, Rose's wife, stepdaughter and stepdaughter's boyfriend were in the house. However, all three were able to escape safely from the fire.
 {¶ 3} In August of 2003, Rose was indicted by the Marion County Grand Jury for one count of aggravated arson in violation of R.C. 2909.02(A)(1), a felony of the first degree, one count of aggravated arson in violation of R.C. 2909.02(A)(2), a felony of the second degree, and one count of arson in violation of R.C.2909.03(A)(2), a felony of the fourth degree.
 {¶ 4} In January of 2004, Rose entered a plea of guilty to one count of aggravated arson in violation of R.C. 2909.02(A)(1), a felony of the first degree, and the State dismissed all other charges.
 {¶ 5} In April of 2004, the trial court sentenced Rose to a term of eight years in prison, which was more than the minimum term pursuant to R.C. 2929.14(A)(1). Additionally, the trial court ordered Rose to pay restitution in the amount of three thousand dollars.
 {¶ 6} In November of 2005, Rose sought leave from this Court to file a delayed appeal. Subsequently, this Court granted Rose's motion. It is from Rose's April 2004 judgment of sentence that Rose appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT'S IMPOSITION OF A NON-MINIMUM STATED PRISONTERM VIOLATED APPELLANT'S RIGHTS UNDER THE SIXTH AMENDMENT OF[THE] UNITED STATES CONSTITION AND ARTICLE I §§ 5 10 OF THEOHIO CONSTITION.
 Assignment of Error No. II THE TRIAL COURT ERRED IN ENTERING AN ORDER OF RESTITION TO ATHIRD-PARTY CASUALTY INSURANCE COMPANY, OR THE RESTITION ORDEREDIS NOW CONTRARY TO CONTROLLING STATUTORY LAW.
 {¶ 7} Due to the nature of the assignments of error, we elect to address them out of order.
 Assignment of Error No. II {¶ 8} In the second assignment of error, Rose asserts that the trial court erred in ordering him to pay restitution in the amount of three thousand dollars. Specifically, Rose asserts that the version of R.C. 2929.18, the statutory authority for ordering restitution, in effect at the time that Rose was sentenced did not allow the trial court to order restitution to the third-party casualty insurer in this case. In the alternative, Rose asserts that the newest version of R.C. 2929.18 prohibits the trial court from ordering restitution to third-party casualty insurers in all situations.
 {¶ 9} R.C. 2929.18(A)(1) states, in pertinent part:
The court imposing a sentence upon an offender for a felonymay sentence the offender to any financial sanction * * *.Financial sanctions that may be imposed pursuant to this sectioninclude * * * [r]estitution by the offender to the victim of theoffender's crime * * * in an amount based on the victim'seconomic loss. * * *. The court shall not require an offender torepay an insurance company for any amounts the company paid onbehalf of the offender.[1]
 {¶ 10} Considering the above version of R.C. 2929.18(A)(1), which was in effect at the time of Rose's underlying offense, Rose asserts that the trial court violated the above statute by ordering restitution for his own third party casualty insurance provider. In State v. Eggeman (2004), 3d Dist. No. 15-04-07,2004-Ohio-6495, this Court held that "we cannot conclude that an insurance company is precluded from receiving restitution from an offender when the insurance company paid the offender for the damage that the offender caused." Id. at ¶ 32. In Eggeman, the defendant had received approximately fifty thousand dollars from his insurance company as a result of a fire which the defendant was subsequently found guilty of starting. Id. at ¶¶ 8-9. Eggeman was ordered to pay restitution to his own insurer for the reimbursement of the funds he had received pursuant to the above version of R.C. 2929.18(A)(1). Id. at ¶ 9.
 {¶ 11} This Court affirmed the trial court's order of restitution, finding that
[The insurer] is not only a third party seeking reimbursementfor its payout to Eggeman; [the insurer] is also a victim. Thus,it was within the bounds of R.C. 2929.18(A)(1) for a court toorder Eggeman to pay restitution to [the insurer] * * *. To holdotherwise would essentially reward an offender for his ownfelonious acts.
Id. at ¶ 33.
 {¶ 12} We find Rose's case to be indistinguishable fromEggeman. The restitution ordered in this case was not money paid to victims on Rose's behalf, but rather funds that were paid directly to Rose as a result of the fire. Accordingly, pursuant to Eggeman, we find no error in the trial court ordering restitution to a third-party insurer of the offender under the prior version of R.C. 2929.18(A)(1). Thus, the second assignment of error is overruled.
 Assignment of Error No. I {¶ 13} In the first assignment of error, Rose asserts that his sentence is in violation of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, and State v. Foster, supra. The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in Foster, supra. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.19(B), which requires judicial findings for a sentence of more than the minimum term. 2006 Ohio 856, at ¶ 61. Pursuant to the ruling of the Ohio Supreme Court in Foster, we find that Rose's sentence is void as being based upon unconstitutional statutes. Thus, the first assignment of error is sustained.
 {¶ 14} Finding that the trial court did not err in ordering restitution, but that Rose's sentence is void as being based upon unconstitutional statutes, pursuant to Foster, supra, the judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings pursuant to State v.Foster, supra.
Judgment affirmed in part, reversed in part and remanded.
 Bryant, P.J., and Shaw, J., concur.
[1] Since the time of Rose's offense, R.C. 2929.18(A)(1) has been amended, effective June 1, 2004. Because we are required to apply the statute in effect at the time of the underlying offense, we will not address Rose's argument that the trial court erred, under the current version as well, in ordering restitution herein. State v. Brooks, 163 Ohio App.3d 241, 2005-Ohio-4728, ¶15.