[Cite as *State v. Railey*, 2012-Ohio-4233.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120029 |
| | | TRIAL NO. B-1107720 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| DEMETRIUS RAILEY, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentence Vacated, and Cause
Remanded

Date of Judgment Entry on Appeal: September 19, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Tim McKenna*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN, Presiding Judge.**

{¶1} Defendant-appellant Demetrius Railey appeals his conviction for abduction following a bench trial. In two assignments of error, he challenges the sufficiency and weight of the evidence supporting the conviction and the trial court's imposition of an 18-month prison sentence. Finding merit only in his second assignment of error, we affirm the trial court's finding of guilt, but we vacate Railey's sentence, and remand this case to the trial court for resentencing in accordance with this opinion and the law.

### *I. Trial Court Proceedings*

{¶2} Railey was indicted for one count of kidnapping in connection with a domestic dispute that resulted in a three-and-a-half hour standoff with police. Railey's case proceeded to a trial before the court. During the trial, the state presented evidence that Railey and his girlfriend had had a very heated argument in their apartment in the early morning hours of November 29, 2011. Railey's girlfriend called 911 and reported that an assault was ongoing in the apartment. She made a second "open" call to 911. Officer Anthony Egner was listening to the 911 call while en route to the apartment. He testified that a woman was screaming "help me" and a male voice stated, "Where's my gun?"

{¶3} When Officer Egner arrived, he knocked on the apartment door. Railey opened the door. Officer Egner asked Railey to step outside, but Railey slammed the door shut and locked it. Officer Egner made several more attempts to get Railey to open the apartment door and talk about the situation. Officer Egner eventually contacted his supervisor because he could not get Railey to come outside, he could hear fighting inside the apartment, and Railey allegedly had a gun. When Officer Egner's supervisor could not get Railey to open the apartment door, he called the SWAT team.

{¶4}    Officer Egner testified that one hour after the SWAT team arrived, Railey's girlfriend came out of the apartment and was placed in his patrol car. Railey, however, remained in the apartment for three and a half hours.

{¶5}    Officer Barry Rogers, a SWAT team member, testified that upon his arrival, he was informed that Railey had a gun and had barricaded himself in the apartment with his girlfriend and her child. During attempted negotiations with Railey, Railey said it would take $50,000 for him to let the child out of the apartment. Officer Rogers testified that the standoff lasted until police used a battering ram to open the door because Railey had moved a couch in front of it.    When they searched the apartment, the police found the child asleep in her room.

{¶6}    At the conclusion of the state's evidence, Railey's counsel made a Crim.R. 29 motion for an acquittal. The trial court granted the motion in part, reducing the kidnapping charge to abduction.   Railey and his girlfriend then testified.

{¶7}    Railey testified that he lived in the apartment with his girlfriend and her child. According to Railey, Officer Egner came to the door, but he spoke only with Railey's girlfriend.   His girlfriend told Officer Egner that "nothing was going [on and that she was] fine."   Railey asked his girlfriend to go outside and talk with the police. She then left the apartment and he locked the door behind her. When his girlfriend failed to return, he fell asleep on the couch, which was next to the front door, and woke up to a battering ram in his face.

{¶8}    Railey testified that he was unaware the SWAT team had been called. He denied being upset, yelling obscenities at the police, or pushing the couch against the door. Railey testified that he did not negotiate with police. Railey admitted that his girlfriend's four-year-old daughter was asleep in the apartment. He testified that he cared for the child on a daily basis, and that it was usual for him to be alone in the

apartment with her. He denied moving the child or taking her without her mother's permission.

**{¶9}** Railey's girlfriend testified that she lived with Railey and her four-year-old daughter, and that she had given Railey permission to watch her daughter while she was working. The trial court found Railey guilty of abduction and sentenced him to 18 months in prison.

## II. Sufficiency and Weight of the Evidence

**{¶10}** In his first assignment of error, Railey argues that his conviction was based on insufficient evidence and was against the manifest weight of the evidence.

**{¶11}** When a defendant claims that his conviction is supported by insufficient evidence, this court must review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found all the elements of the crime proved beyond a reasonable doubt. *State v. Eley*, 56 Ohio St.2d 169, 172, 383 N.E.2d 132 (1978). When reviewing a defendant's claim that his conviction is against the manifest weight of the evidence, this court must weigh the evidence and the credibility of the witnesses to determine if the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *See Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

**{¶12}** To convict Railey of abduction, the state had to show that Railey, without privilege to do so, knowingly by force or threat, restrained the liberty of his girlfriend's child under circumstances that created a risk of physical harm to the child or placed her in fear. *See* R.C. 2905.02(A)(2).

**{¶13}** The state presented evidence that Railey's girlfriend had called police to report an assault; police had heard Railey state on an "open" 911 call "where's my

4

gun;" Railey had then barricaded himself in an apartment with his girlfriend's four-year-old child for three and a half hours. During negotiations with SWAT officers, he told police he wanted $50,000 to release the child. Despite repeated requests, he never released her. The police had to use a battering ram to open the apartment door because Railey had placed a couch in front of it. Contrary to Railey's assertions, this evidence was sufficient for the trial court to find that Railey had, without privilege, knowingly by force or threat, restrained the liberty of the child under circumstances that created a risk of physical harm to her.

{¶14} Moreover, the trial court, as the trier of fact, was in the best position to judge the credibility of the witnesses. While Railey presented the trial court with a different version of events, and both he and his girlfriend testified that he had permission to watch the child, the trial court was free to reject their testimony. Based upon our review of the record, we cannot conclude that the trial court lost its way and created such a manifest miscarriage of justice that we must reverse Railey's conviction for abduction and order a new trial. As a result, we overrule his first assignment of error.

### III. Railey's Sentence

{¶15} In his second assignment of error, Railey challenges the lawfulness of his prison sentence. This challenge is well taken.

{¶16} Railey was sentenced after the effective date of Am.Sub.H.B. No. 86. In *State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 9, we clarified that following the effective date of Am.Sub.H.B.No. 86, we still employ the two-step analysis set forth in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14, when reviewing felony sentences. Thus, we must first determine whether Railey's sentence was contrary to law. *Alexander* at ¶ 9.

5

{¶17} At the January 2012 sentencing hearing, the trial court told Railey that it was imposing a 12-month prison sentence for the abduction offense. The trial court did not, however, verbally notify Railey about the possibility of postrelease control or the ramifications of violating postrelease supervision or postrelease-control sanctions.

{¶18} The trial court then journalized a judgment of conviction that improperly stated that Railey had been convicted of kidnapping instead of abduction and that imposed an 18-month prison sentence instead of the 12-month sentence pronounced at the sentencing hearing. The judgment of conviction further provided that Railey could be subject to up to three years of postrelease control and explained the ramifications of Railey violating postrelease supervision.

{¶19} On March 16, 2012, the trial court sua sponte journalized a second judgment of conviction nunc pro tunc to January 2012. The entry, while correcting the offense from kidnapping to abduction, incorrectly stated that Railey had pleaded guilty to and had been found guilty of abduction, when he had, in fact, been found guilty in a bench trial. And it again imposed an 18-month prison sentence. The entry also contained the identical postrelease-control language that had been included in the January 2012 judgment of conviction.

{¶20} Crim.R. 43(A) provides that, "the defendant shall be present at the arraignment and every stage of the trial, including * * * the imposition of sentence." A defendant thus has a due-process right, embodied in Crim.R.43(A), to be present when the court imposes sentence, and a trial court cannot abrogate a defendant's due-process rights by sentencing the defendant in his absence. *See State v. Carpenter*, 1st Dist. No. 950889, 1996 Ohio App. LEXIS 4434, *3-4 (Oct. 9, 1996).

**{¶21}** While Railey was physically present in court when the trial court pronounced the 12-month prison sentence, he was not "present" as contemplated by Crim.R. 43(A) when the trial court imposed the harsher 18-month prison sentence reflected in the January and March judgments of conviction. This court has long held that "[w]hen a sentence pronounced in open court is subsequently modified and the judgment entry reflects the modification, the modification must have been made in the defendant's presence." *See State v. Carpenter*, 1st Dist. No. C-950889, 1996 Ohio App. LEXIS 4434, *4 (Oct. 9, 1996); *see, also*, *State v. Todd*, 1st Dist. No. C-020559, 2003-Ohio-3056, ¶ 17; *State v. Hodges*, 1st Dist. No. C-990516, 2001 Ohio App. LEXIS 2729, *4-5 (June 22, 2001); *State v. Coach*, 1st Dist. No. C-990349, 2000 Ohio App. LEXIS 1901 *4-8 (May 5, 2000); *State v. Griffin*, 131 Ohio App.3d 696, 699, 723 N.E.2d 606 (1st Dist.1998).

**{¶22}** Here, the trial court, in violation of the due-process right embodied in Crim.R. 43, effectively modified Railey's sentence from the 12 months pronounced in open court to the 18 months reflected in the January 2012 judgment of conviction and the March 2012 nunc pro tunc entry. Therefore, that sentence was contrary to law.

**{¶23}** Railey's sentence is also contrary to law because the trial court failed to advise Railey at his sentencing hearing that he may be subject to up to three years of postrelease supervision following his release from prison, and that the parole board could impose a prison term of up to one-half of the prison term originally imposed, if he violated supervision or a condition of his postrelease control. *See* R.C. 2929.19(B)(2)(d) and 2967.28(C). The trial court's addition of the postrelease control language in its judgment entry did not retroactively satisfy R.C. 2929.19(B)(2)(d) and R.C. 2967.28(C). *See State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E2d

864, ¶ 23; *see, also, State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraphs one and two of the syllabus and ¶ 10. We, therefore, sustain Railey's second assignment of error.

### *IV. Conclusion*

{¶24}   Accordingly, we affirm the trial court's judgment with respect to the finding of guilt.   But we must vacate Railey's 18-month sentence, and remand this cause to the trial court for resentencing, including oral notification of Railey's postrelease control obligations, in accordance with this opinion and the law.

Judgment affirmed in part, sentence vacated, and cause remanded.

**CUNNINGHAM** and **DINKELACKER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.