[Cite as *State v. Cruzbaez*, 2019-Ohio-2452.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180263 |
| | | TRIAL NO.   C-18CRB-5231 |
| Plaintiff-Appellee, | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| DAVID CRUZBAEZ, | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 21, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald Springman*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Judge**.

{¶1}    Appellant David Cruzbaez appeals from the municipal court's judgment finding him guilty of aggravated menacing and sentencing him to 180 days of community control suspended for 1 year, treatment if eligible, and a $2000 fine.

{¶2}    In two assignments of error, Cruzbaez argues the trial court erred in denying his motion for a judgment of acquittal because the state's evidence was insufficient to sustain a conviction and his conviction under R.C. 2903.21(A) was contrary to the manifest weight of the evidence. For the following reasons, we overrule Cruzbaez's assignments of error and affirm the judgment of the trial court.

*Factual Background*

{¶3}    One night, while Cruzbaez and his girlfriend, Cierra Waddell, were out on a date, Waddell complained to Cruzbaez that her roommate, Amber Tucker, was behind on her portion of the rent and the electric bill. Waddell, Tucker, and Tucker's 16-month-old daughter recently had moved into a townhouse together, and within two months, Tucker was unable to afford the rent and wanted to break the lease.

{¶4}    When the couple arrived at the townhouse around 10:30 p.m., Waddell collected the mail, which included the electric bill. She learned that the electric bill was two-months overdue and the electric would be cut off the next month if not paid. Waddell testified that this made her upset because she was struggling financially. Cruzbaez testified that he felt like this was the last straw and that Tucker was just using Waddell for money.

{¶5}    Cruzbaez and Waddell decided to wake up Tucker to talk about the situation, despite the fact that Tucker was already asleep in her bedroom. Tucker testified that Cruzbaez, "Came into my room, pulled me out of bed, kept yelling that

2

we need to talk about the electric bill." After Cruzbaez left the room, Tucker got out of bed and walked next door to Waddell's room, where the couple was waiting.

{¶6} According to Tucker, Cruzbaez "started screaming about the bills, how I needed to get out." During his testimony, Cruzbaez agreed that they did have raised voices back and forth.

{¶7} Tucker left Waddell's room and walked past her own room to her daughter's room with Cruzbaez following her continuing to yell and scream. Tucker started packing to leave. She testified that she intended to leave so Cruzbaez would have time to sober up and they could resolve the situation when he was no longer intoxicated. Cruzbaez denied that he was intoxicated and testified that he only had one beer that night.

{¶8} Cruzbaez returned to Waddell's room, which shared a wall with Tucker's room. It is unclear from the testimony whether he shut the door. Tucker testified, "While I was packing and that is when he made the statement that he had a 9mm gun in his car and I can call who I wanted. He'd shoot me and the baby, whoever I brought, and that's when I got my belongings and took them to the car." Tucker left with her daughter and called the police. She testified that she was scared and took Cruzbaez's statement as a threat because she did not know what he was capable of.

{¶9} Cruzbaez and Waddell testified that Cruzbaez never threatened Tucker and he did not even own a gun. An officer who arrived on the scene testified that a gun was never located, but Cruzbaez appeared intoxicated and agitated.

3

*Sufficiency of the Evidence*

{¶10} When reviewing a challenge to the sufficiency of the evidence, we must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶11} Cruzbaez was convicted under R.C. 2903.21(A), which provides, "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." Cruzbaez argues that the state failed to meet its burden in proving beyond a reasonable doubt that Cruzbaez knowingly caused Tucker to believe he would cause her or her child serious physical harm. Cruzbaez argues that at most he acted recklessly because the threat was made in a conversation overheard through a wall. At trial, Cruzbaez's defense was that the threat was never made. Now, on appeal, he contends that he was talking to Waddell and Tucker overheard his threatening statement from another room.

{¶12} Under Ohio law knowingly is defined as:

Regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes

that there is a high probability of its existence and fails to make inquiry

or acts with a conscious purpose to avoid learning the fact.

R.C. 2901.22(B).

{¶13} While Ohio law defines recklessly as:

When with heedless indifference to the consequences, the person

disregards a substantial and unjustifiable risk that the person's

conduct is likely to cause a certain result or is likely to be of a certain

nature. A person is reckless with respect to circumstances when, with

heedless indifference to the consequences, the person disregards a

substantial and unjustifiable risk that such circumstances are likely to

exist.

R.C. 2901.22(C).

{¶14} With regard to the threat, Tucker testified, "While I was packing and that is when he made the statement that he had a 9mm gun in his car and I can call who I wanted. He'd shoot me and the baby, whoever I brought, and that's when I got my belongings and took them to the car." Tucker testified in the first person, as though the threat were made directly to her, using the word "I." The record does not support Cruzbaez's argument that he was only talking to Waddell. The testimony does not indicate where Tucker was when she heard the threat. It only indicates that Cruzbaez was somewhere in Waddell's room when he made the threat. What is undisputed in the record is that this is a very small house, Tucker's and Waddell's rooms share a wall, and Cruzbaez had been yelling. It is unclear how loudly Cruzbaez made the threat. Nevertheless, Tucker testified that she heard the threat.

{¶15}  The record contains sufficient evidence, when viewed in the light most favorable to the prosecution, that Cruzbaez acted knowingly.  A rational trier of fact could have found beyond a reasonable doubt that Cruzbaez was aware that Tucker probably would hear him when he made the threatening statement.

{¶16}  Next, Cruzbaez argues that the evidence failed to establish a subjective belief on Tucker's part that Cruzbaez would cause her serious physical harm.  "In order to prove aggravated menacing, the state must show that the victim had a subjective belief of fear of serious physical harm."  *State v. Landrum*, 1st Dist. Hamilton No. C-150718, 2016-Ohio-5666, ¶ 9.  As to Tucker's subjective belief of physical harm, the state questioned her as follows:

Q:  Did you take that threat seriously?

A:  I didn't know what he was capable of, so yes.

Q:  So you were scared?

A:  Yes.

{¶17}  Serious physical harm, as pertinent to this case, is defined in R.C. 2901.01(A)(5) as:

(b) Any physical harm that carries a substantial risk of death;

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary substantial incapacity;

* * *

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

6

{¶18} By its very nature, being shot can cause serious physical harm or death. Tucker testified that she took the threat seriously and she was scared because she did not know what Cruzbaez was capable of. She also left the house with her small child late at night and called the police.

{¶19} Viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could have found that Tucker believed Cruzbaez was going to cause her serious physical harm.

{¶20} Appellant's first assignment of error is overruled.

### *Manifest Weight*

{¶21} Cruzbaez's second assignment of error is that his conviction for aggravated menacing is contrary to the manifest weight of the evidence. To reverse a conviction on the manifest weight of the evidence, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice in finding the defendant guilty. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs v. Florida,* 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

{¶22} The issue for the trier of fact in this case was whether to believe Tucker's version of the events or Cruzbaez and Waddell's version. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are

primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶23} In this case, the trial court believed Tucker's testimony beyond a reasonable doubt. Cruzbaez was impeached in his testimony about an "other than honorable discharge" from the Army when he admitted to lying on direct examination by testifying it was an "honorable discharge." After finding Cruzbaez guilty, the trial court stated, "I believed her [Tucker]. And you're a liar. I don't know, you know. You're just a liar. And there's really nothing worse than that." There was no mention by the trial court of Waddell's testimony or credibility as noted in Cruzbaez's brief. Where there were conflicting accounts, the trier of fact was free to reject that testimony. *State v. Railey*, 2012-Ohio-4233, 977 N.E.2d 703, ¶ 14 (1st Dist.). The trial court is in the best position to weigh the witnesses' demeanor and credibility, and in doing so found Tucker's testimony credible. Based on our review of the record, we cannot conclude that the trial court lost its way and created such a manifest miscarriage of justice that we must reverse Cruzbaez's conviction and order a new trial.

{¶24} Cruzbaez alternatively asks this court to reduce his conviction from aggravated menacing to menacing under R.C. 2903.22. Menacing is a lesser included offense of aggravated menacing, and the sole difference between the offenses is the degree of harm threatened. *State v. Britton*, 181 Ohio App.3d 415, 2009-Ohio-1282, 909 N.E.2d 176, ¶ 52, 58 (2nd Dist.) ("Menacing, a fourth-degree misdemeanor described in R.C. 2903.22, is identical to aggravated menacing, except that the element of serious physical harm is missing."). We have already found that a rational trier of fact could have found that Tucker believed Cruzbaez was going to

cause her serious physical harm. Thus a conviction for aggravated menacing, not menacing, was correct.

{¶25} Appellant's second assignment of error is overruled.

### *Conclusion*

{¶26} Viewing the evidence in the light most favorable to the prosecution, which we are required to do in reviewing sufficiency of the evidence, we conclude that a rational trier of fact could have found that Cruzbaez knowingly caused Tucker to believe that he would cause serious physical harm to her or her child. The trial court as the trier of fact did not clearly lose its way and create a manifest miscarriage of justice in finding Cruzbaez guilty of aggravated menacing. Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:
   The court has recorded its own entry on the date of the release of this opinion.

9