[Cite as *State v. Ham*, 2019-Ohio-3468.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180338 |
| | | TRIAL NO. 18CBR-6614 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CLARENCE HAM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 28, 2019

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Jon Vogt,* Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David H. Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Clarence Ham appeals the judgment of the Hamilton County Municipal Court convicting him of telecommunications harassment. In his sole assignment of error, he contends that the state failed to present sufficient evidence to support his conviction, and that the conviction was against the manifest weight of the evidence. For the following reasons, we affirm the judgment of the trial court.

### *Factual Background*

{¶2} Clarence Ham was charged with one count of telecommunications harassment in violation of R.C. 2917.21(B)(1), a misdemeanor of the first degree. The complaint alleged that Ham had sent numerous messages to Mirana Eason, threatening her life through the use of a telecommunications device.

{¶3} Ham pled not guilty and proceeded to a bench trial. Eason was the sole witness for the state. She testified that she and Ham had dated briefly in 2016. On March 5 or 6, 2018, she had had a video chat through Facebook with Ham. He then sent several messages through Facebook Messenger. His first message said, "You a dead bitch, you know that? I rode past your house the other day. Now I got a reason to stay." Eason testified that that message had terrified her. He sent another message, "See me when you see me. This time I'm going to be strapped." She interpreted that to mean that he would have a gun the next time she saw him. When he sent a message that said, "LOL your days are numbered," she called the police because she was scared for her life. Screenshots of all the messages were admitted into evidence.

{¶4} On cross-examination, Eason testified that in order to read the message, she had had to accept Ham's Facebook friend request. She also testified that her friend Shalom Jones had also participated in the messenger conversation. He sent Ham several messages asking Ham if he wanted to fight.

{¶5} On redirect, Eason testified that she had previously blocked Ham, and he had made fake profiles and began harassing her children. She stated that the harassment had been going on for a long time, and she had just wanted him to leave her alone.

{¶6} After reviewing the exhibits, the trial court found that it was clear that Ham's opening conversation had begun with a threat. The trial court found him guilty and sentenced him to 180 days in jail.

### Sufficiency and Manifest Weight

{¶7} In his sole assignment of error, Ham argues that the guilty finding was not supported by sufficient evidence and was contrary to the manifest weight of the evidence.

{¶8} In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found all the essential elements of the crime proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991), paragraph two of the syllabus. When considering a challenge to the weight of the evidence, the court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983), paragraph three of the syllabus.

{¶9} Ham first contends that the evidence was insufficient because he had not intended to threaten Eason, and she had acknowledged that the messages had been intended to get her attention.

{¶10} R.C. 2917.24(B)(1) states, "No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person." The inquiry is not whether the recipient of the communication was in fact threatened, harassed, or annoyed by the communication, but rather, whether the purpose of the person who made the communication was to threaten the person called. *See State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 15, citing *State v. Bonifas*, 91 Ohio App.3d 208, 211-212, 632 N.E.2d 531 (3d Dist.1993). A defendant's purpose or intent to threaten may be established by the facts and circumstances surrounding the communication. *Kronenberg* at ¶ 15.

{¶11} A person acts purposely "when it is his specific intention to cause a certain result, or, when the gist of his offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A). The Ohio Supreme Court has defined "threat" as representing "a range of statements or conduct intended to impart a feeling of apprehension in the victim, whether of bodily harm, property destruction, or lawful harm, such as exposing the victim's own misconduct." *State v. Cress*, 112 Ohio St.3d 72, 2006-Ohio-6501, 858 N.E.2d 341, ¶ 39.

{¶12} Here, the state submitted exhibits showing that Ham had sent threats to Eason through Facebook Messenger. The exhibits show numerous messages that can be construed as threats, and the court specifically found that the statement, "you a dead bitch," was a threat. The evidence was sufficient to prove that Ham had intended to convey a threat.

{¶13} With respect to the manifest weight of the evidence, Ham primarily argues that Eason's testimony was not credible. However, it is well settled law that matters as to the credibility of witnesses are for the trier of fact to resolve. *See State v. Railey*, 2012-Ohio-4233, 977 N.E.2d 703, ¶ 14 (1st Dist.). Here, the trial court believed Eason's testimony and her testimony provided sufficient evidence to support his telecommunications-harassment conviction. Based upon our review of the record, we cannot say that the court clearly lost its way and created such a manifest miscarriage of justice that we must reverse Ham's conviction and order a new trial. We overrule Ham's sole assignment of error.

### Conclusion

{¶14} Finding no merit to Ham's assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:
The court has recorded its own entry this date.